ANDRUS v. McCAULEY, Warden, et al.
No. 1421.

District Court, E. D. Washington, S. D.
Aug. 5, 1936.
On Rehearing Nov. 24, 1936.

Edward D. Phelan, of Seattle, Wash., for plaintiff.

E. P. Donnelly, Asst. Atty. Gen., for defendant.

CAVANAH, District Judge.

The petitioner by writ of habeas corpus seeks his release by testing the validity of his sentence and confinement in the state penitentiary of the state of Washington upon a charge of forgery in the first degree, after his plea of guilty in the state superior court.

His application for the writ alleges that about the 18th day of June, 1935, in the state superior court he was found guilty of the alleged act of forgery in the first degree, and subsequently committed, by the court, to the state penitentiary for a term of not to exceed 20 years; that at the time of the entering of his plea in the superior court he was represented by Frank S. Bailey, an attorney, who entered into an agreement with the deputy prosecuting attorney that if the petitioner would plead guilty he would not receive over 1-year sentence in the state penitentiary, and that the prosecutor was to ask the court for not over a 1-year sentence; that the prosecutor was to recommend to the Parole Board that period of sentence; that at the time the plea was entered the court inquired of the prosecutor if such agreement was made, and no reply was made thereto; that the petitioner was given to understand that he would be sentenced under the old law, and not the new law, as he was arrested on May 17, 1935, and whatever crime he committed was committed under the law that was in force prior to June 12, 1935; that the statement made by the prosecutor and the judge of the superior court on August 6, 1935, did not contain any recommendation other than the recommendation of the judge of a 2-year sentence. The allegation is further made that the prosecutor had a fixed jury in the courtroom to try the petitioner if he refused to plead guilty; that the petitioner was on the 26th day of June,

1935, transferred from the Kings county jail to the state penitentiary, and on the 13th day of September, 1935, he was called before the Board of Prison Terms and Paroles when he gave testimony as to his case, and about the 20th of September, 1936, he received a statement from the Board sentencing him to a term of 3 years; that on the 16th day of April, 1936, the petition of the petitioner for writ of habeas corpus was denied by the Supreme Court of the state of Washington. Further, he alleges in his petition that he was sentenced under a law that did not exist when he was arrested and charged with forgery, on the 17th day of May, 1935, and that the law he was sentenced under was not a law until the 12th day of June 1935; that the Board of Prison Terms and Paroles has no jurisdiction in his case, as the members of the Board had never been confirmed by the state Legislature giving them power by which to sentence a felon. Further allegation is made that the sentence given him of 3 years by the Prison Board of Terms and Paroles is not a maximum or a minimum sentence, but a flat sentence of 3 years, and not a minimum that the Board is supposed to give, and that the 3-year sentence he received by the Board is illegal. Further allegation is made that the petitioner was sentenced by some one other than the court who had jurisdiction over his case. The contention is made in his petition that petitioner's liberty has been put in jeopardy twice for the same crime, as he was taken in the superior court of the state of Washington and prosecuted for forgery and found guilty and only half sentenced by the court who had power to sentence him, and then he was taken before the Board of Prison Terms and Paroles and sentenced again for the same crime, and the second time his liberty was jeopardized, in violation of the Federal Constitution.

The questions raised are whether the petitioner is unlawfully deprived of his liberty by reason, first, of the manner in which the sentence was pronounced and the power of the Prison Board of Terms and Paroles of the state to fix the duration of the term of his confinement in the state penitentiary after the court had pronounced the maximum sentence; and second, whether the amended law of the state of Washington conferring power on the Board of Prison Terms and Paroles to fix the duration of the term is an ex post facto law in violation of both Federal and State Constitutions.

Ordinarily, the only questions which may be presented on an application for habeas corpus to obtain discharge from imprisonment after conviction are: Whether the court which imposed sentence had jurisdiction of the offense and of the defendant, and whether the sentence was authorized by law.

These questions must first be determined by the court from the petition before a writ is issued, and should it appear therefrom that the petitioner is not legally entitled to the writ, it should not be issued, and the application for it should be denied and the petition dismissed, section 453, 28 U.S.C.A.

We then turn first to the question of the validity of the sentence pronounced by the court of the maximum period of 20 years and the fixing of the duration of 3 years to be served of the maximum period of 20 years by the Board of Prison Terms and Paroles.

Petitioner asserts in his petition that the amended law of the state, approved March 20, 1935, and went into effect June 12, 1935, (Laws Wash.1935, p. 308) provides that:

Section 1. "There is hereby created a board of prison, terms and paroles to administer the provisions of this act. The functions, powers, duties and limitations of this body and the qualifications and the tenure of office of its members will be as hereinafter set forth."

Section 2. "When a person is convicted of any felony, except treason, murder in the first degree, carnal knowledge of a child under ten years, or of being an habitual criminal within the meaning of the statute which provides for life imprisonment for such habitual criminals, and a new trial is not granted, the court shall sentence such person to the penitentiary, or, if the law allows and the court sees fit to exercise such discretion, to the reformatory, and shall fix the maximum term of such person's sentence only. The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term; if the law does not provide a maximum term for the crime for which such person was convicted, the Court shall fix such maximum term, which may be for any number of years up to and including life impris-

onment, provided however, that in any case where such maximum term is fixed by the court the maximum shall be fixed at not less than twenty (20) years. If the sentence of a person so convicted is not suspended by the court, it is hereby made the duty of the superintendent of the penitentiary and the superintendent of the reformatory to receive such a person, if committed to his respective institution and to imprison him or her until released under the provisions of this act or through the action of the governor.

"After the admission of such convicted person to the penitentiary or reformatory, as the case may be, it shall be the duty of the board of prison, terms and paroles to obtain from the sentencing judge and the prosecuting attorney, a statement of all the facts concerning such convicted person's crime and any other information of which they may be possessed relative to such convicted person, and it shall be the duty of the sentencing judge and the prosecuting attorney to furnish the board of prison, terms and paroles with such information. It will also be the duty of the sentencing judge and the prosecuting attorney to indicate to the board of prison, terms and paroles, for its guidance, what, in their judgment, should be the duration of such convicted person's imprisonment.

"Within six (6) months after the admission of such convicted person to the penitentiary or the reformatory, as the case may be, the board of prison, terms and paroles shall fix the duration of his or her confinement. The term of imprisonment so fixed shall not exceed the maximum provided by law for the offense for which he or she was convicted or the maximum fixed by the court, where the law does not provide a maximum term"—is invalid as it is an attempt to transfer judicial power from the court to the Board which the Legislature had no power to do, and therefore the duration of his confinement in the penitentiary of 3 years fixed by the Board is illegal.

■ At the time of the sentence pronounced by the court, of 20 years, the punishment for first degree forgery prescribed by the statute of Washington was "not more than twenty years" (section 2583, volume 4 Remington Revised Statutes), so the sentence pronounced by the court for the maximum of 20 years seems to be within that statute, even if the **Act of March**

20, 1935, and the duration of petitioner's confinement of 3 years fixed by the Board are invalid. Therefore, · his confinement cannot be said to be illegal because the present Board has under the amended statute reduced the sentence pronounced by the court to 3 years; his sentence of 20 years pronounced by the court under said section 2583 would be legal and legally pronounced by a court of competent jurisdiction, although the amended statute referred to be invalid. It therefore would seen to be unnecessary to consider and dispose of the contention made by the petitioner that the duration of his confinement of 3 years fixed by the Board and within the maximum of 20 years pronounced by the court is unauthorized, because it is an attempt to confer upon the Board the exercise of judicial functions the power of which is only vested in the court.

■ It is settled that the state has the power to prescribe the procedure and the manner of trials and sentences of one charged with the commission of a crime, and if an opportunity is given, in felony cases, to a trial before a jury and to be represented by counsel, and the court has jurisdiction of the cause and of the person accused, and has pronounced its sentence, that would be a compliance with the due process clause of the Constitution, although the state may have by a statute provided that after the court had pronounced a maximum sentence a Board may fix or reduce the maximum sentence, because the state has such power to adopt such procedure if its Legislature so decides.

■ As to the contention that the amended act of March 20, 1935, attempts to punish for an alleged crime committed prior to its adoption, it is sufficient to say that to bring it under the ex post facto clause of the Federal and State Constitutions (Const.U.S. art. 1, § 10; Const.Wash. art. 1, § 23) it must appear to be one which imposes punishment for an act which was not punishable when it was committed, or imposes additional punishment, or alters the situation of the accused to his disadvantage. Malloy v. State of South Carolina, 237 U.S. 180, 35 S.Ct. 507, 59 L.Ed. 905. It will thus be seen that the amended act does not change or inflict a greater punishment than the law in force when the alleged crime was committed, for the court could, under the law in force at the time the alleged crime was committed, pro-

nounce a sentence of a maximum of 20 years. The present period of confinement has been by the Board reduced to 3 years, and the fact that the Legislature of the state has adopted the procedure, authorizing the Board within the maximum sentence fixed by the court to reduce the sentence, would not be a violation of the due process clause of the Federal and State Constitutions (Const.U.S.Amend. 14; Const.Wash. art. 1, § 3). This view was undoubtedly adopted by the Supreme Court of the state of Washington, as the petitioner alleges in his petition that his application for a writ of habeas corpus was denied.

■ As to the other alleged objections, as irregularities in the conduct of the prosecuting attorney at the hearing before the state court, and all other irregularities occurring at the trial in the state court, they are matters for the state court to decide where they do not deprive the accused of a federal right.

■ As to the contention that petitioner has been put in jeopardy twice, there is no merit, as the court pronounced the sentence fixed by the statute, and the Board thereafter was given authority to reduce it upon a hearing.

In view of the reasons thus given, an order will be entered denying the writ and dismissing the petition.

· (On Rehearing).

CAVANAH, District Judge.

The petitioner has filed an amended petition for a writ of habeas corpus since his original petition was disposed of the court, and in which he alleges additional facts. In the opinion of the court filed on August 5, 1936, the conclusion was reached that there were not sufficient facts or reasons alleged in the original petition to warrant the issuance of the writ and therefore the petition was dismissed. After considering the amended petition, the court entered an order for the warden of the penitentiary of the state of Washington to show cause on October 8, 1936, why a writ of habeas corpus should not issue.

The facts alleged in the amended petition are the same as set forth in the original petition with the additional allegations that at the time of the sentence of the petitioner there was in force section 2281 of Rem.Rev.Stat. of Washington, known as the "Indeterminate Sentence Law," which provides that "where no minimum term of imprisonment is prescribed by law, the court shall fix the same in his discretion at not less than six months nor more than five years," and that had his trial been held prior to June 12, 1935, on the crime committed prior to May 17, 1935, it would have been the duty of the court to fix the indeterminate term to consist of a definite minimum as well as a definite maximum, the former to be not less than six months nor more than five years, and the length of both in the discretion of the court, and that he was sentenced by punishment in excess of that annexed to the crime at the time of its commission, which was unauthorized by law. And, further, he alleges that he was deprived of the right of restoration of citizenship which alters his situation to his disadvantage, for at the time of the commission of the crime, the right of restoration of citizenship was not in the Governor, while under the enactment of 1935 it is now vested in the Governor of the state.

The warden answered the petition and alleges that the petitioner was convicted of forgery in the first degree in the state court and sentenced to a term of not more than twenty years in the state penitentiary on June 18, 1935; that thereafter on September 16, 1935, in accordance with the provisions of section 2, chapter 114, page 309, Laws of Washington for 1935, the sentencing judge and the prosecuting attorney of King county furnished to the Board of Prison Terms and Paroles of the state a statement of all the facts concerning petitioner's conviction and in which the term recommended by the sentencing judge was two years. It further appears from the answer that the board under authority contained in section 2 of chapter 114, page 309, Laws of 1935, fixed the minimum portion of the sentence which the petitioner should serve at not less than three years; that neither the records of the Supreme Court nor the prosecuting attorney's office of King county show that any application for a writ of habeas corpus or for any other relief has been filed by petitioner.

The facts were stipulated and it appears therefrom that petitioner was on May 17, 1935, charged with the commission of forgery in the first degree by the issuing of checks on April 20, 1935, and the judgment and sentence was entered on June 18, 1935, for a term of not more than twenty years;

that chapter 114 of the Laws of 1935 (page 308) went into effect on June 12, 1935; that section 2281 of the Statutes of the state was repealed by chapter 114 but was in effect at all times prior thereto, and that section 2583 of the Statutes of the state was not repealed by chapter 114.

The petitioner now urges the same contention presented by him on his original petition that he was unlawfully deprived of his liberty for the reason that the enactment of 1935 concerning the power of the Board of Prison Terms and Paroles to fix the duration of the term of his imprisonment and change the procedure as to the restoration of citizenship is an ex post facto law in violation of both the Federal and State Constitutions. He asserts that at the time his original petition was presented to the court attention was not called to the existence of section 2281, which was in force at the time the crime was committed and which required a minimum sentence of not less than six months nor more than five years, and as that section was repealed by chapter 114, under which his sentence was pronounced, the court could no longer impose a minimum sentence. Stress is further made that under section 2281 the minimum must be fixed by the court and therefore, after considering that section with section 2583 and section 2, chapter 114 of the 1935 enactment, the manner and extent of the punishment imposed for the crime here charged was changed by the enactment of the law of 1935 to his disadvantage. These provisions of the statutes read:

Section 2281: *"Indeterminate Sentences.* Whenever any person shall be convicted of any felony for which no fixed period of confinement is imposed by law, the court shall, in addition to any fine or forfeiture which he may impose, direct that such person be confined in the state penitentiary, or in the Washington state reformatory, as the case may be, for a term not less than the minimum nor greater than the maximum term of imprisonment prescribed by law for the offense of which such person shall be convicted; and where no minimum term of imprisonment is prescribed by law, the court shall fix the same in his discretion at not less than six months nor more than five years; and where no maximum term of imprisonment is prescribed by law, the court shall fix such maximum term of imprisonment."

Section 2583: *"Forgery—First degree.* Every person who, with intent to defraud, shall forge any writing or instrument by which any claim, privilege, right, obligation or authority, or any right or title to property, real or personal, is or purports to be, or upon the happening of some future event may be, evidenced, created, acknowledged, transferred, increased, diminished, encumbered, defeated, discharged or affected, or any request for the payment of money or delivery of property or any assurance of money or property, or any writing or instrument for the identification of any person, or any public record or paper on file in any public office, or any certified or authenticated copy of such record or paper, or any entry in any public or private record of account, or any judgment, decree, order, mandate, return, writ, or process of any court, tribunal, judge, justice of the peace, commissioner or magistrate, or the official return of report of, or a license issued by, any public officer, or any pleading, demurrer, motion, affidavit, appearance, notice, cost-bill, statement of facts, bill of exceptions or proposed statement of facts, or bill of exceptions in any action or proceeding whether pending or not, or the draft of any bill or resolution that has been presented to either house of the legislature of this state, whether engrossed or not, or the great seal of this state, the seal of any public officer, court, notary public or corporation, or any public seal authorized or recognized by the laws of this or any other state or government, or any impression of any such seal; or shall forge or counterfeit any coin or money of any state or government, or any bank or treasury bill, any note or postage, or revenue stamp; or who, without authority shall make or engrave any plate in the form or similitude of any writing, instrument, seal, coin, money, stamp or thing which may be the subject of forgery, shall be guilty of forgery in the first degree, and shall be punished by imprisonment in the state penitentiary for not more than twenty years."

Section 2, chapter 114, page 309, Session Laws 1935: "When a person is convicted of any felony, except treason, murder in the first degree, carnal knowledge of a child under ten years, or of being an habitual criminal within the meaning of the statute which provides for life imprisonment for such habitual criminals, and a new trial is not granted, the court shall sentence such person to the penitentiary, or, if the law allows and the court sees fit to exercise such discretion, to the reforma-

tory, and shall fix the maximum term of such person's sentence only. The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term; if the law does not provide a maximum term for the crime for which such person was convicted, the court shall fix such maximum term, which may be for any number of years up to and including life imprisonment: Provided, however, That in any case where such maximum term is fixed by the court the maximum term shall be fixed at not less than twenty (20) years."

It is obvious that section 2281, which was in force at the time the crime charged was committed, provides that whenever any person shall be convicted of any felony where no minimum term of imprisonment is prescribed by law, the court shall fix the same in his discretion, at not less than six months nor more than five years. The court was there required to fix the minimum of not less than six months nor more than five years. One sentenced where no minimum is fixed by law was entitled to the minimum sentence between six months and five years and the period of which is to be in the discretion of the court.

It is further obvious that section 2583, which fixes the maximum term of sentence for forgery in the first degree at a term of not more than twenty years, was not repealed by chapter 114 and was in force both at the time the crime charged here was committed and when the petitioner was sentenced, and that section 2281 provides for the imposition of a minimum sentence between six months and five years.

Now section 2 of chapter 114 of the enactment of 1935 provides that when a person is convicted of forgery in the first degree, which is a felony, the punishment shall be the maximum term fixed by law, and if the law does not provide a maximum term, the court shall fix such maximum term which shall be for any number of years up to and including life imprisonment and not less than twenty years.

The Attorney General of the state in resisting the issuance of the writ asserts, first, that the writ of habeas corpus is not the proper remedy on behalf of the petitioner, and second, that the enactment of 1935 is not ex post facto as it does not inflict a greater punishment or alter petitioner's situation to his disadvantage as he was sentenced under the enactment of 1935, which merely creates a parole board and under section 2583 which was in force at the time the crime was committed. It would seem clear that the remedy is granted to the petitioner under section 10, article 1, of the Federal Constitution which provides that "no State shall * * * pass any Bill of Attainder, ex post facto Law," and under sections 451–466 of title 28 U.S. C.A. Where the legality of his sentence and punishment are involved and is based upon the contention that the facts establish that the sentence inflicts a greater punishment than the law annexed to the crime at the time it was committed, or alters the situation of the accused to his disadvantage, the remedy by writ of habeas corpus is granted.

We find then that at the time the alleged crime was committed on April 20, 1935, as charged in count 1 of the information, both sections 2281 and 2583 of the Statutes of the state of Washington were in force and by section 2583 the court was required to sentence the petitioner to not more than twenty years imprisonment. This latter section was also in force at the time the sentence was pronounced by the court who had the discretion, under it, to pronounce a maximum sentence for any period within twenty years, and had not section 2281 been repealed, would have been required to pronounce a minimum of not less than six months nor more than five years as provided for by section 2281, or, in other words, the court would have been required to pronounce both a maximum and minimum because section 2583 providing for the maximum sentence does not fix the minimum sentence thereby requiring the application of section 2281. The inquiry then arises, Does the failure to pronounce a minimum sentence as provided for by section 2281 and the pronouncement of a flat sentence of not more than twenty years under the enactment of 1935 increase the punishment of petitioner or change the situation to his disadvantage?

The clear rule by which to test ex post facto legislation and the term as found in the Constitution of the United States and recognized by the Supreme Court was laid down by Mr. Justice Chase in the case of Calder v. Bull, 3 Dall. 386, 390, 1 L.Ed. 648, where it is said: "1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or

makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offence, in order to convict the offender." Also In re Medley, 134 U.S. 160, 10 S.Ct. 384, 33 L.Ed. 835. By this test and term, we required to make an analysis of the provisions involved of the statute of the state to ascertain whether they should be applied to the sentence and punishment of the petitioner. It is apparent that after the repeal of section 2281, which required the application to a sentence as to a minimum sentence at the time the crime was committed and the modification of section 2583 by section 2 of the enactment of 1935, the law in force at the time the crime was committed was changed by the enactment of 1935, which changed the punishment and inflicted a greater punishment than the law annexed to the crime when committed, for the repeal of section 2281 granting to the petitioner at the time the crime was committed a minimum sentence of not less than six months nor more than five years prohibited the court from pronouncing a minimum which the petitioner was entitled and which worked to his disadvantage in the consideration of the application for parole as he would have become subject to the consideration of a parole after he had served his minimum sentence, by a parole board of three members, sections 2282 and 10803, Statutes of the state, and further it appears clear that under section 2583 which was in force at the time the crime was committed, fixing the maximum, not to be more than twenty years in the discretion of the court, was also changed by the enactment of 1935, which changed the punishment and inflicted a greater punishment than the law imposed at the time the crime was committed, as it is there provided that, "The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term; if the law does not provide a maximum term for the crime for which such person was convicted, the court shall fix such maximum term, which may be for any number of years up to and including life imprisonment: Provided however, That in any case where such maximum term is fixed by the court the maximum term shall be fixed at

not less than twenty (20) years." So it will be seen by section 2 of the enactment of 1935 a definite maximum punishment of twenty years is fixed which the court is compelled to pronounce, and its discretion to fix the sentence for any time less than twenty years has been removed. The petitioner therefore was at the time of his sentence entitled to the discretion of the court in fixing his sentence to be at any definite time less than twenty years as a maximum. This he was deprived of, by the enactment of 1935, as section 2 thereof requires the board to fix the duration of his sentence at any time within the twenty years pronounced by the court, for it is there provided that, "Within six (6) months after the admission of such convicted person to the penitentiary or the reformatory, as the case may be, the board of prison, terms and paroles shall fix the duration of his or her confinement. The term of imprisonment so fixed shall not exceed the maximum provided by law for the offense for which he or she was convicted or the maximum fixed by the court, where the law does not provide for a maximum term." No other construction can be placed on the statute as it says "the board of prison, terms and paroles shall fix the duration of his or her confinement," which shall not exceed the maximum provided by law or the maximum fixed by the court. Mathematically the operation of section 2 of the 1935 enactment inflicts a greater punishment than the law inflicted at the time the crime was committed. That was the result as to the petitioner's sentence as disclosed by the record as his maximum sentence expires June 18, 1935, which the court fixed for a term of not more than twenty years and being for a definite maximum term of twenty years which it was compelled to pronounce under section 2 of the 1935 enactment. The sentencing judge, after being compelled under section 2 of the 1935 enactment to pronounce the maximum of twenty years, recommended two years, although the newly created board fixed the term of imprisonment at three years. If the 1935 enactment was not an ex post facto law, the period of confinement of the petitioner would be for three years as fixed by the board, and which is, if a compliance is had of section 2 of the 1935 enactment, a definite sentence of three years, as the board has fixed the duration of the term of sentence for three years, and it cannot be said when acting under authority granted by this new law that the term fixed by the board was the

minimum, for it had no such authority to fix a minimum, but only to fix the duration of confinement at any time under twenty years and not between certain limits. But it is further urged by the Attorney General of the state that the 1935 enactment does not inure to the disadvantage of the petitioner in the matter of the duration of his imprisonment, as it only creates a board of paroles who fixes a minimum sentence within the maximum fixed by law or the court. This construction cannot be followed, when, as already said that section 2 of the 1935 enactment requires of the board to "fix the duration of his or her confinement. The term of imprisonment so fixed shall not exceed the maximum provided by law for the offense." The provision has no relation to vesting power in the board to fix a minimum or to parole, but relates solely to the fixing of a definite term of imprisonment with only the limitation of the maximum fixed by law or the court. The sentencing judge evidently had in mind that the petitioner should not serve a sentence of more than two years as that was his recommendation, when he attempted to follow section 2 of the 1935 enactment that, "It will also be the duty of the sentencing judge and the prosecuting attorney to indicate to the board of prison, terms and paroles, for its guidance, what, in their judgment, should be the duration of such convicted person's imprisonment." There again it is expressly provided that the power granted to the board is to fix "the duration of such convicted person's imprisonment," and not a minimum. If this construction of section 2 of the 1935 enactment be correct, then it operates to change the situation of the petitioner to his disadvantage, which was done. So it will be seen that the sentence is not one inflicted by the court, because the term is definitely fixed by the board, which the Legislature in effect has attempted to grant judicial powers · in character to the board to fix a definite sentence and is not either a minimum sentence or a matter of prison discipline.

 It was thought at the time the original petition was presented to the court that the enactment of 1935 did not change the situation of the petitioner to his disadvantage as the sentencing judge had power to pronounce a maximum sentence of twenty years, and the board having fixed the sentence of petitioner at three years, he was not prejudiced, but upon further consideration of the new law together with sections 2583 and 2281 of the Statutes of the state, the conclusion there reached should be modified to the effect as here stated, and that the enactment of 1935, so far as it is attempted to be applied to the sentence and term of confinement of petitioner, is ex post facto in effect, and the term of imprisonment attempted to be fixed by the Board of Prison, Terms and Paroles, of the petitioner is illegal and of no effect, and it so being illegal, the state trial court still has jurisdiction to impose a corrected sentence, although the term at which he pleaded guilty and was sentenced has passed. The record shows that the petitioner was properly convicted. The error was in the sentence of the court and in the attempt of the Board of Prison, Terms and Paroles to fix a definite term of imprisonment under an ex post facto law, and there does not seem to be any good reason why jurisdiction of the petitioner should not be reassumed by the state trial court in which he was convicted. This procedure is in compliance with section 461, title 28 U.S.C.A., which requires a federal court in a proceeding for a writ of habeas corpus "to dispose of the party as law and justice require," and is the interpretation of the federal statute by the Eighth Circuit Court of Appeals in the case of Bryant v. United States, 214 F. 51, where the rule is clearly stated and the authorities reviewed. The further thought should be considered that because section 2281 of the Statutes of the state, relating to a minimum sentence was repealed by the enactment of 1935, it does not prevent the state trial court from now applying it to the sentence of the petitioner, for it was in force at the time the crime here was committed and the petitioner is entitled to the application when he is sentenced under the reasons thus given, because its repeal by the latter act is ex post facto in effect.

 As to the petitioner's contention that the enactment of 1935 deprives him of the right of restoration of citizenship which alters his situation to his disadvantage, it is thought that is not the case as he still has the right of restoration of citizenship under the 1935 enactment, to be considered and determined by the Governor of the state.

In view of the conclusions thus reached, the petitioner is remanded to the custody of the sheriff of King county, Wash., to be taken before the state superior court in King county, and sentence properly imposed.