**PALMER v. McCAULEY.**

No. 1429.

District Court, E. D. Washington, S. D.

Feb. 24, 1937.

Ed. D. Phelan, of Seattle, Wash., for petitioner.

W. A. Toner, Asst. Atty. Gen., for respondent.

WEBSTER, District Judge.

The petitioner was charged in the superior court of the state of Washington for Spokane county with the crime of grand larceny, committed on April 16, 1935. On September 21, 1935, he was convicted and sentenced to the penitentiary for fifteen years. No minimum sentence was fixed by the court as provided by section 2281, Rem. Rev.Stat., notwithstanding that section was in force at the time of the commission of the crime. Section 2605, Rem.Rev.Stat., fixes the punishment for grand larceny at "imprisonment in the state penitentiary for not more than fifteen years," leaving the minimum sentence to be fixed as provided by section 2281, supra. The 1935 session of the Legislature of Washington enacted chapter 114 (page 308) relating to persons convicted of felony, creating a board of prison terms and paroles and defining the duties of such board. Section 2 of this statute (page 309) provides that the court shall fix the maximum term of imprisonment only in certain felonies and that the maximum so fixed shall be the maximum provided by law for the crime of which the person sentenced was convicted. The statute does not empower the court to fix a minimum sentence. Instead the act provides that within six months after the admission of a convicted person to the penitentiary the board of prison terms and paroles "shall fix the duration of his or her confinement" which shall not exceed the maximum punishment prescribed by law. Section 9 of chapter 114, page 318, Laws 1935, expressly repeals, among other statutes, sections 2281 and 2282 of Remington's Revised Stautes of Washington. The repealing statute contains no express declaration that the provisions of the new law shall apply to crimes committed prior to its enactment. Notwithstanding the fact that sections 2281 and 2282, Rem.Rev.Stat., were in effect on April 16, 1935, the date upon which the crime **of** which petitioner was convicted **was**

committed, the superior court of Spokane county sentenced petitioner under the provisions of the act of 1935, which did not go into effect until midnight of June 12, 1935. The board of prison terms and paroles within six months after petitioner arrived at the penitentiary undertook, pursuant to the act of 1935, to fix the duration of his imprisonment at five years. Claiming that chapter 114, p. 308, Laws 1935, as to crimes committed prior to its effective date, is ex post facto and therefore in violation of article 1, section 10, of the Constitution of the United States, the petitioner has sued out a writ of habeas corpus.

Section 2006, Rem.Rev.Stat., of the state of Washington is a general saving statute effective in case of repeal or amendment of criminal statutes. It reads as follows:

"No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act, and no prosecution for any offense, or for the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, but the same shall proceed in all respects, as if such provision had not been repealed, unless a contrary intention is expressly declared in the repealing act. Whenever any criminal or penal statute shall be amended or repealed, all offenses committed, or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein."

The nearest thing found in chapter 114 in the nature of an express declaration of intention that the act of 1935 is to govern or be applicable to crimes committed before its enactment is this language in section 4 of that act (page 313):

"The provisions of this act so far as applicable thereto are to apply to all convicted persons now serving time in the penitentiary or the reformatory, to the end that at all times the same provisions relating to sentences, imprisonments and paroles of prisoners shall apply to all the inmates thereof."

Since this language refers to "convicted persons now serving time," it clearly has no bearing on cases where there had been no conviction and hence no one was serving time at the date on which the act in question went into effect. Furthermore, the language is qualified by these words: "The provisions of this act so far as applicable thereto are to apply," etc. The plain inference of this provision is that the act is not intended to cover cases where the crime had been committed prior to the enactment of the statute because in the absence of an express declaration of intention to that effect, as provided in section 2006, supra, the act of 1935 would not be applicable to crimes committed before its enactment. In addition to this, if this provision had been intended to cover all cases where the crimes had been committed before the effective date of the statute it would not have limited its operation to "convicted persons now serving time." An express declaration of legislative intention that a new criminal statute shall apply to crimes committed prior to the enactment of such statute ought not to be couched in doubtful or uncertain terms. Such a declaration must be definite and explicit. It seems clear to me, therefore, that the language in section 4 of the act is not sufficient to meet the requirements of section 2006, supra, and to remove the act from the saving provisions of that general saving statute. But in any event the language has no application to the petitioner's case because he had not been convicted and was not serving time when the act of 1935 went into effect and its language must be construed as of that date. The act became effective at midnight on June 12, 1935, and the petitioner was not convicted until September 21, 1935. If the question were an open one before me, I should have no difficulty at all in reaching the conclusion that the act of 1935 does not apply to crimes committed prior to its enactment, but that the punishment for such crimes is governed by the laws in force at the time of their commission, as provided in section 2006, supra. The hereinabove quoted portion of section 4 of the act is far from an express declaration to the con-

trary. However, in the case of State v. Lindsey, 187 Wash. 364, 61 P.(2d) 293, 295, the Supreme Court of Washington, sitting en banc, unanimously upheld a conviction for a crime committed prior to the taking effect of the act of 1935, notwithstanding the convicted persons were sentenced as provided by that act; the court fixing the maximum punishment and providing no minimum punishment at all.

In the course of the opinion the court say:

"A number of assignments deal with the sentence. At the time the crime was committed on April 15, 1935, the law provided that the court fix the penalty at not more than fifteen years' imprisonment (Rem.Rev.Stat. § 2605 [P.C. Sec. 8948]), and the minimum of not less than six months nor more than five years (Rem.Rev. Stat. § 2281 [P.C. Sec. 8716]). At the time of the trial, however, a new law had come into existence (chapter 114, p. 308, Laws 1935, Rem.1935 Sup., § 10249-1 [P.C. Sec. 4503-31] et seq.), which created a 'board of prison, terms and paroles' (section 10249-1) and provided, among other things (section 10249-2 [P.C. Sec. 4503-32]):

"'When a person is convicted of any felony * * * the court shall sentence such person to the penitentiary, or * * * to the reformatory, and shall fix the maximum term of such person's sentence only. The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted. * * *

"'Within six (6) months after the admission of such convicted person to the penitentiary or the reformatory * * * the board * * * shall fix the duration of his or her confinement.'

"It is claimed by appellant that this is an ex post facto law, and, therefore, violative of article 1, section 10, of the United States Constitution which, among other things, prohibits a state from passing such a law."

█ It is true that upon the face of the opinion the court does not notice or discuss section 2006, Rem.Rev.Stat., but the inescapable effect of the decision is that the act of 1935 governs the punishment for crimes committed prior to its enactment. Unless this is so, there would have been no occasion to pass upon the question of the ex post facto character of that act,

which the court proceeded to do. This holding of the Supreme Court of the state of Washington that chapter 114, page 308, Laws 1935, governs the punishment of crimes committed prior to its enactment is binding upon me. It amounts to an interpretation and construction of the Statutes of Washington, which a federal court is not at liberty to disregard. The conclusion of the court, however, that the act of 1935 is not ex post facto when applied to crimes committed prior to its enactment is not binding upon this court. This is a federal question which the federal tribunals must determine for themselves for it calls for the application of the Constitution of the United States. In holding that the act of 1935 is not ex post facto when applied to prior offenses, the court cited the opinion of the Honorable Charles C. Cavanah, United States District Judge, sitting in this court in the case of Andrus v. McCauley, 21 F.Supp. 70, and filed at Walla Walla on August 5, 1936. Later, however, Judge Cavanah granted a rehearing in the case and on November 24, 1936, filed a carefully prepared and well-reasoned opinion in which he held the act of 1935, as applied to cases where the crimes involved had been committed prior to the taking effect of the act, was ex post facto and hence void as in violation of the Constitution of the United States. I do not feel that I can add anything of value to what has been said by Judge Cavanah in his opinion of November 24 in the Andrus Case. To my mind it is conclusive. For the reasons assigned by him and upon the authorities cited by him in that opinion, I am fully satisfied that the act of 1935 when applied to prior crimes is plainly ex post facto and void.

█ Having reached this conclusion, what disposition shall be made of the prisoner? Shall he be remanded to the superior court of Spokane county for resentence or shall he be discharged from custody? The petitioner was tried before the Honorable Charles H. Leavy, one of the judges of the superior court for Spokane county and by him sentenced upon a verdict of guilty. Judge Leavy is no longer a judge of the superior court of Spokane county, having resigned therefrom in December, 1936. The contention has been urged that no judge other than Judge Leavy would be competent to resentence petitioner even if he should be remanded to the superior court

for resentence. I do not deem it necessary, however, to go into this difficult and much mooted question. I think the case can be disposed of on other and much more satisfactory grounds. The decision of the Supreme Court of Washington in the Lindsey Case as I read it will not permit the resentencing of the petitioner under the laws in force at the time the crime was committed because "at the time of the trial, however, a new law had come into existence," namely, chapter 114, page 308, Laws 1935. Unless such new law was applicable to Lindsey's Case, no new law had come into existence which the court could have considered in connection with the propriety or the legality of his sentence. No superior judge in the face of the decision in the Lindsey Case could be expected to or would undertake to resentence the petitioner under the "old" law. To do so, would be to ignore the Supreme Court's holding in the Lindsey Case. It would be idle, therefore, for me to remand the petitioner for resentence. The only alternative is to discharge the petitioner from his imprisonment.

Order accordingly will be entered in due course at which time any incidental matters relating to appeal or the like can be provided for. Until the entry of the order petitioner will remain in custody. Counsel for petitioner will at the earliest possible date present an order in conformity with this opinion, after serving a copy thereof on counsel for the respondent, together with notice of when such order will be presented for signature. Since the prisoner has been held to be entitled to discharge, there must be no inordinate delay.