(44 Misc. Rep. 550.)

PEOPLE ex rel. ADAMS v. JOHNSON, Warden.

(Supreme Court, Special Term, Westchester County.    July, 1904.)

1. CRIMINAL LAW—SENTENCE—COMMUTATION—GOOD BEHAVIOR.
    Laws 1903, p. 315, c. 137, taking effect April 6, 1903, provided that commutation for good behavior should be allowed only when a convict was confined on a definite sentence.    Held not to apply to a convict sentenced April 17, 1903, to serve not less than one year, nor more than one year and nine months, for an offense committed prior to its passage.

2. STATUTES—EX POST FACTO LAW.
    A statute depriving a person accused of crime of a right which he possessed at the time the offense was committed is invalid, as an ex post facto law.

3. SAME—CRIMINAL LAW.
    The right of one convicted of crime to a diminution of sentence by good behavior is a substantial right, which cannot be taken away by a law passed after the offense was committed.

Application by the people, on the relation of Albert J. Adams, for writ of habeas corpus to Addison Johnson, warden.    Writ dismissed.

A motion for a certificate of reasonable doubt was denied.    The judgment of conviction was subsequently affirmed by the Appellate Division (People v. Adams, 85 App. Div. 390, 83 N. Y. Supp. 481), and subsequently by the

¶ 3. See Constitutional Law, vol. 10, Cent. Dig. §§ 584, 585.

Court of Appeals (176 N. Y. 351, 68 N. E. 636, 63 L. R. A. 406, 98 Am. St. Rep. 675), and the Supreme Court of the United States upon a writ of error (Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575).

Prior to April 6, 1903, a court, in sentencing a prisoner, except in three specified cases, was required to limit the term of the sentence so that the sentence would expire during the so-called summer months; i. e., April, May, June, July, August, September, and October. Pen. Code, § 697. In so calculating the term, the statute required the court to "limit the term of the sentence, having reference to the probability of the convict earning a reduction of his term for good behavior, as provided by chapter 21 of the Laws of 1886, and assuming that such reduction will be earned." Pen. Code, § 697. Section 687a of the Penal Code, which provides for the imposition of indeterminate sentences, expressly declares that "the maximum limit of such sentence shall be so fixed as to comply with the provisions of section 697 of the Penal Code." Relator was sentenced April 17, 1903. The possible maximum for his offense was two years. See Pen. Code, § 344a. The commutation upon two years would have been four months, and, in view of that fact, a two-years sentence would have expired in December. The court therefore imposed a maximum of one year and nine months, which, on its face, would have expired about January 26, 1905, but which was so calculated as to expire October 11, 1904, assuming that the defendant did not forfeit his commutation for good behavior. Upon April 6, 1903, the Legislature passed Laws 1903, p. 315, c. 137, which took effect immediately. This enactment amended the so-called "Commutation Law" (Laws 1886, p. 28, c. 21), and provided, in effect, that commutation for good behavior might be earned only in case the convict was confined upon a definite sentence. The date of the passage of Laws 1903, p. 315, c. 137, was long after Adams' offense had been committed, but was 11 days before sentence was imposed upon him. The Superintendent of State Prisons was in doubt as to whether the effect of Laws 1903, p. 315, c. 137, was to deprive convicts held on indeterminate sentences of the right to earn commutation for good behavior, and obtained from the Attorney General an opinion, of which the following is a part: "From a perusal of the above provisions of the Code and the statute, it appears to be quite plain that persons sentenced for indeterminate sentences can earn no commutation by good behavior under the provisions of chapter 21, p. 28, Laws 1886, as amended. This fact, taken in connection with the express direction of section 687a of the Penal Code, above quoted, that the maximum limit of such sentence shall be so fixed as to comply with the provision of law requiring a sentence to expire during the specified summer months, leads me to the conclusion that, in sentencing a prisoner to prison under an indeterminate sentence, ·such sentence must be made so that, if the prisoner so confined under such indeterminate sentence should serve the maximum penalty prescribed thereby, he would be released during one of the months specified by section 697 of the Penal Code." The application was argued, and a decision was handed down sustaining the writ. Upon application of the people, a reargument was granted, and upon further consideration the writ was dismissed and the prisoner remanded.

Benjamin F. Tracy, L. Laflin Kellogg, and Abram J. Rose, for relator.

Robert C. Taylor and Henry G. Gray, Asst. Dist. Attys., for respondent.

KEOGH, J. The offense of which the relator was convicted was committed by him in 1901. He was sentenced on the 17th of April, 1903, to pay a fine, and to a term of not less than one year nor more than one year and nine months imprisonment in State's Prison. This was an indeterminate sentence. It is the law that the term of a sentence imposed upon any person convicted of a crime must be so limited as to expire during the months of April, May, June, July, August, Sep-

tember, or October. It was also the law of this state at the time the
relator committed the offense that any person confined in a State's
Prison on conviction of a felony, where the term equals one year, may
earn for himself a commutation of his sentence of two months for the
first year and two months for the second year. After the commission
of the offense by the relator, and before his sentence, on April 17, 1903,
there was enacted chapter 137, p. 315, of the Laws of 1903, which went
into effect on the 6th of April of the same year. The effect of this
law was to deprive convicts confined under an indeterminate sentence
of the right to earn a commutation. It is claimed by the prisoner's
counsel that this law is applicable to him, while the district attorney con-
tends that it is ex post facto as to the relator, because his offense was
committed before its passage. On the previous argument the district
attorney conceded that the law was not ex post facto as to the relator,
so that that question was not then presented for decision. If the law of
1903 applies to the defendant, then he is entitled to no commutation
whatever, and his sentence of one year and nine months will expire in
January, 1905, which is contrary to law. This illegality in the expira-
tion of the prisoner's term during a winter month, it is contended by
his counsel, makes void the whole sentence of imprisonment, and en-
titles the relator to an immediate discharge. If, however, the law of
1903 is not applicable to the defendant, then he is entitled to a commuta-
tion under the law as it existed when he committed the offense, and such
commutation of his sentence will end his term in the month of October,
in conformity to the law.

It is the settled law of this state that a statute which deprives the ac-
cused of any substantial right which he possessed when the offense was
committed, or which after that time changes the punishment of his of-
fense, is, as to him, ex post facto. If the prisoner had been tried and
sentenced at any time after December, 1901, when the offense was com-
mitted, and before April 6, 1903, when the law took effect, it must be
conceded that he would have been entitled to a commutation of his
sentence for good conduct in State's Prison. Such a right to earn
a diminution of his term by his own act is a substantial one, of which
by a law passed subsequent to the commission of the offense he cannot
be deprived. Murphy v. Commonwealth, 172 Mass. 264, 52 N. E. 505,
43 L. R. A. 154, 70 Am. St. Rep. 266; Hartung v. People, 22 N. Y.
105, 106.

The commanding judicial decisions by which statutes providing for
the punishment of crime have been construed have treated such laws
as intended to deal with future offenses, and not to fit past ones. Any
other rule would afford opportunity and temptation, under one guise
or another, for the enactment of laws by which the punishment of some
special offense or special offender might be changed after the crime
was committed, which would necessarily lead to intolerable discrimina-
tion and oppression. It is the law that existed when the offense was
committed that Adams has violated, and it is the punishment for such
offense as declared by that law that he should receive.

The sentence imposed by Mr. Justice Scott under the law as it existed
when the offense was committed was legal, and the commutation to

which he is entitled will cause his term to expire in October, in accordance with law. The writ is dismissed and the application for stay and bail denied.

Writ dismissed and application for stay and bail denied.