**In the Interest of Ted JONES, a minor.**

**The STATE of Wyoming, Appellant,**

v.

**Ted JONES, a minor, Appellee.**

**No. 4062.**

Supreme Court of Wyoming.

Sept. 1, 1972.

---

Robert A. Gish, County & Pros. Atty., Basin, for appellant.

Christian S. Hinckley, of McKinney, Hinckley & Hinckley, Basin, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

McINTYRE, Chief Justice.

This case involves the right of a county attorney to appeal a dismissal of proceedings brought against a minor under the juvenile court act of 1971, when the proceedings are based upon a violation of law alleged to have been committed prior to enactment of the 1971 law.

Ted Jones was charged in justice of the peace court with stealing neat cattle on December 23, 1970. Having waived preliminary hearing, he was bound over to the district court. The information filed against the defendant in district court was defective and on motion of the defendant was dismissed. The county attorney then filed a petition in juvenile court under the Juvenile Court Act of 1971 (§§ 14–115.1 to 14–115.44, W.S.1957, 1971 Cum.Supp.).

Several motions were made on behalf of the juvenile. One was to dismiss on the ground of res judicata; one was to require the petition to be brought under the juvenile court act of 1951; and one was to dismiss on the ground that the defendant had not been granted a speedy trial. After a hearing on the motions, the district court dismissed the petition of the county attorney for failure of the state to grant the defendant a speedy trial.

We need not decide whether the trial court was correct when it dismissed the proceedings against Ted Jones. We have first considered whether the county attorney can appeal from such an order in this particular case. Our conclusion is that he cannot.

It is undisputed that the Juvenile Court Act of 1951 (§§ 14–97 to 14–115, W.S.1957, C.1965) was in effect at the time when Ted Jones is alleged to have stolen neat cattle. It contained no provision for an appeal by the state. The 1971 act on the other hand contains (in § 14–115.34) the following provision:

"A party, including the state, may appeal from any final order, judgment or decree of the juvenile court to the supreme court, within the time and in the manner provided for the taking of an appeal by the Wyoming Rules of Civil Procedure. * * *"

Art. 1, § 10, United States Constitution, provides no state shall pass any ex post facto law; and Art. 1, § 35, Wyoming Constitution, provides no ex post facto law shall ever be made. An ex post facto law may be one which alters the situation of an accused to his disadvantage.[1] In the early case of In re Wright, 3 Wyo. 478, 27 P. 565, 566, recognition was given to the principle that an ex post facto law may be one which, "in relation to the offense or its consequences, alters the situation of a party to his disadvantage."

■ The real question is whether the person accused has been deprived of a substantial right by reason of the change in law. See Kring v. Missouri, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506, 510; and People v. Edenburg, 88 Cal.App. 558, 263 P. 857, 860. Or, as stated in People ex rel. Lonschein v. Warden, Queens House of Deten. for Men, 43 Misc.2d 109, 250 N.Y.S.2d 15, 19, the constitutional interdiction of ex post facto laws reaches out to every law which deprives the accused of any substantial right or immunity possessed by him at the time when he is said to have committed the offense charged.[2]

■ It can be and is agreed that the juvenile court act passed in 1971 relates to procedure. The county attorney therefore argues that no ex post facto question is involved. It is true, changes which may be designated as mostly procedural do not, as a rule, come within the ex post facto doctrine. As stated in People v. Ward, 50 Cal.2d 702, 328 P.2d 777, 779–780, however, that in itself is not the true test; and a statute must be considered to be ex post facto and unconstitutional if it alters the situation of the accused to his disadvantage.

■ As previously noted, there was no provision for appeal on the part of the state in the juvenile court act of 1951. Thus, a dismissal by the court, when that law was applicable, entitled the accused to a complete discharge with no possibility of further prosecution or proceedings against him for the offense charged. The only procedure thereafter available to the county attorney was a bill of exceptions as provided for in §§ 7–288 to 7–291, W.S.1957. State v. Ginther, 53 Wyo. 17, 77 P.2d 803, 806–807; and State v. Benales, Wyo., 365 P.2d 811, 812.

Because the matter has not been raised in this case, we have not considered and do not pass upon the question of whether double jeopardy would be involved if a juvenile court dismissed a complaint brought under the 1971 juvenile court act; and if the state appealed claiming the right to subject the juvenile to a new trial.

Appeal dismissed.

PARKER, J., concurring in the result.

GUTHRIE, J., not participating.

1. See People v. Ward, 50 Cal.2d 702, 328 P.2d 777, 779; State v. Morton, Mo., 338 S.W.2d 858, 862–863; State v. Ferrie, 243 La. 416, 144 So.2d 380, 382; State ex rel. Nelson v. Ellsworth, 142 Mont. 14, 380 P.2d 886, 888; and 16A C.J.S. Constitutional Law § 435, p. 141.

2. In 16A C.J.S. Constitutional Law § 444, p. 153, it is said a law which deprives accused person of any substantial right or immunity possessed by him before its passage is ex post facto as to prior offenses. See also Dixon v. United States, D.C.App., 287 A.2d 89, 96, footnote 19.