578 P.2d 1026

**The STATE of Arizona, Appellee,**

v.

**Patrick Alfred LEVASSEUR, III, Appellant.**

**No. 2 CA–CR 1252.**

Court of Appeals of Arizona, Division 2.

March 30, 1978.

John A. LaSota, Jr., Acting Atty. Gen. by William J. Schafer, III, and Diane DeBrosse Hienton, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Michael J. Bloom, Asst. Public Defender, Tucson, for appellant.

OPINION

HOWARD, Judge.

Pursuant to a plea agreement, on August 3, 1977 appellant entered a guilty plea to obstructing justice, "open end" and the plea to an "open end" offense was accepted. On September 1, 1977, the date set for sentencing, the court adjudged appellant guilty of obstructing justice, *a misdemeanor,* and placed him on probation for a period of two years upon certain conditions.

At the time of sentencing, A.R.S. Sec. 13–1657(A)(1) provided for suspension of the imposition of sentence in misdemeanor cases "for a period of up to two years, even though the maximum term of sentence which may be imposed is up to one year or less . . . ." [1]

Prior to the amendment of this statute, which became effective on August 27, 1977, the statute read in pertinent part:

"The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, *not exceeding* the maximum term of sentence which may be imposed, . . . and shall place such person on probation . . . ." (Emphasis ours)

Appellant contends that the court had no authority to place him on probation for more than one year, the maximum term of sentence under A.R.S. Sec. 13–541 being one year in the county jail. His position is that the conduct which formed the basis for the prosecution occurred on February 22, 1977, and therefore A.R.S. Sec. 13–1657 as it read at the time of the offense controlled. We do not agree and hold that A.R.S. Sec. 13–1657 as it had at the time of sentencing controlled.

■ A defendant does have a right to be sentenced under the punishment provision in effect at the time an offense is committed and cannot be subjected to a more severe sentence under an amendment of a statute. *State v. Lopez,* 107 Ariz. 90, 482 P.2d 457 (1971). However, although the term "probation" has been referred to as a "sentence", see e. g. *State v. Jordan,* 25 Ariz.App. 31, 540 P.2d 762 (1975), our Supreme Court has recently stated in *State v. Risher,* Ariz., 574 P.2d 453 (filed January 9, 1978):

"Except for the purpose of commencing the time within which a person must appeal, *probation is not a sentence* and is granted only after the imposition of sentence is suspended." (Emphasis ours)

Accord: *Pickett v. Boykin,* Ariz., 576 P.2d 120 (filed February 23, 1978).

Since probation is not a sentence, the principle enunciated in *State v. Lopez,* supra, does not apply here.

■ Appellant has cited no authority for his position that the statute pertaining to probation at the time the offense was committed must be applied. Probation is a matter of legislative grace, *State v. Smith,* 112 Ariz. 416, 542 P.2d 1115 (1975), and the superior court's power with respect to probation is purely statutory. *State v. Blackman,* 114 Ariz. 517, 562 P.2d 397 (App.1977).

■ It is well settled that a statutory change will not be applied retroactively when to do so would impair a vested right. *In re Dos Cabezas Power District,* 17 Ariz. App. 414, 498 P.2d 488 (1972). Appellant, however, had no vested right to probation and therefore A.R.S. Sec. 13–1657, as amended, which was in effect at the time of sentencing was the source of the court's authority.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concurring.

1. The statute was amended to so provide by Laws 1977, ch. 105, Sec. 1, eff. August 27, 1977.