592 P.2d 1272

**The STATE of Arizona, Appellee,**

v.

**Johnny Lee MENDIVIL, Appellant.**

**No. 1 CA–CR 2997.**

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 24, 1978.

Rehearing Denied Dec. 27, 1978.

Review Granted Jan. 16, 1979.

John A. LaSota, Jr., Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Judge.

Appellant/defendant Johnny Lee Mendivil was charged with possession of marijuana in violation of ARS § 36–1002.05 and with driving while intoxicated (license suspended) in violation of ARS § 28–692.02.

On August 23, 1977, he pled guilty to possession of marijuana and driving under the influence of intoxicating liquor, both designated as misdemeanors. On September 19, 1977, the court imposed two years' probation with a condition of ninety days in the county jail.

The offenses to which defendant entered his pleas of guilty occurred on March 15, 1977. At that time, ARS § 13–1657(A)(1) provided:

A. If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be subserved thereby, the court may, in its discretion, place the defendant upon probation in the manner following:

1. The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension. The conditions imposed may include incarceration in the county jail for a specified period not to exceed one year, or a fine not exceeding the amount of fine authorized for the offense. Laws 1976, Ch. 134, § 3.

Subsequently, the Arizona legislature amended the statute effective August 27, 1977, as follows:

The court may suspend the imposing of sentence in misdemeanor cases and may direct that the suspension continue for a period of up to two years, even though the maximum term of sentence which may be imposed is up to one year or less, and shall place such person on probation on such terms and conditions as the court determines under the charge and supervision of the probation officer of the court during such suspension. The conditions imposed for a misdemeanor may include incarceration in the county jail for a specified period not to exceed one-half of the maximum time allowed for the offense or a fine not exceeding the amount of fine authorized for the offense. Laws 1977, Ch. 105, § 1.

The issue presented is whether the application of the two year probation clause to offenses occurring before the effective date of the statute is *ex post facto.*

The state has confessed error in this case and we agree that the matter must be reversed and remanded to the trial court for resentencing.

We are aware that Division Two of the Court of Appeals has recently considered a

nearly identical set of circumstances[1] in *State v. Levasseur,* 118 Ariz. 597, 578 P.2d 1026 (App.1978). In *Levasseur,* the court cited the Arizona Supreme Court's holding in *State v. Risher,* 117 Ariz. 587, 574 P.2d 453 (1978), that probation is not a "sentence." Reasoning that *State v. Lopez,* 107 Ariz. 90, 482 P.2d 457 (1971) bans only the imposition of a more severe *sentence* than that in effect at the time the crime was committed, the *Levasseur* court held that prohibition did not apply to changes in *probation* statutes becoming effective after the commission of the offense.

█ We find ourselves in disagreement with the determination in *Levasseur* that ARS § 13–1657 as it read at the time of sentencing should control. While "probation" for certain purposes has been excluded from the definition of "sentence" we believe it is nevertheless clear that probation is a form of *punishment, State v. Montgomery,* 115 Ariz. 583, 566 P.2d 1329 (1977); *State v. Fuentes,* 26 Ariz.App. 444, 549 P.2d 224, *aff'd* 113 Ariz. 285, 551 P.2d 554 (1976) (adopts opinion of Ct.App.), and we will view probation in that sense for purposes of application of the *ex post facto* provisions of the United States and Arizona Constitutions.[2]

█ ARS § 36–1002.05(A) provides that misdemeanor possession of marijuana is punishable by a maximum imprisonment of one year in the county jail. ARS § 28–692.-02 provides that the offense defined in that statute, driving while intoxicated and with a suspended license, is punishable by a maximum of one year in the county jail. Under the former ARS § 13–1657(A)(1), set out above, a maximum of one year's probation could be imposed in defendant Mendivil's case upon conviction of these offenses. Under ARS § 13–1657, as amended, a trial judge can impose up to two years' probation following conviction of an offense, even though the sentence which can be imposed is one year or less. Clearly, under the amended probation statute, the defendant is subject to a greater punishment in terms of the length of time he can be required to remain on probation than he was under § 13–1657 as it existed at the time of the offense.[3] We hold that the application of amended § 13–1657 to defendant Mendivil in this case violates the *ex post facto* provisions of the Arizona and Federal Constitutions. *See, La Porte v. State,* 14 Ariz. 530, 132 P. 563 (1913).

Reversed and remanded for sentencing proceedings consistent with this opinion.

SCHROEDER, J., and JACOBSON, P. J., concurring.

---

1. We say "nearly identical" because the defendant in *Levasseur* pled guilty to obstructing justice *open end,* whereas defendant Mendivil in this case pled guilty to possession of marijuana and driving while under the influence of intoxicating liquor, both designated as *misdemeanors.*

2. U.S.Const. Art. I, § 9; Ariz.Const. Art. 2, § 25.

3. Probationary terms may not be stacked, *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976).