592 P.2d 1256

**STATE of Arizona, Appellee,**

v.

**Johnny Lee MENDIVIL, Appellant.**

**No. 4495–PR.**

Supreme Court of Arizona,
En Banc.

March 22, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 31.19, we granted the state's petition for review for one purpose only—to resolve the conflicting opinions of the divisions of the Court of Appeals.

Defendant Johnny Lee Mendivil was charged on April 26, 1977, with possession of marijuana in violation of A.R.S. § 36–1002.05 and with driving while intoxicated with a suspended license in violation of A.R.S. § 28–692.02. On August 23, 1977, the defendant pleaded guilty to possession of marijuana and to driving under the influence of intoxicating liquor, both designated as misdemeanors. On September 19, 1977, the court imposed two years probation with a condition of 90 days in the county jail.

The offenses to which the defendant pleaded guilty occurred on March 15, 1977. At that time, A.R.S. § 13–1657(A)(1) provided:

The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension. The conditions imposed may include incarceration in the county jail for a specified period not to exceed one year, or a fine not exceeding the amount of fine authorized for the offense. 1976 Ariz.Sess.Laws, ch. 134, § 3.

Subsequently, the Arizona Legislature amended the statute effective August 27, 1977 as follows:

The court may suspend the imposing of sentence in misdemeanor cases and may direct that the suspension continue for a period of up to two years, even though the maximum term of sentence which

may be imposed is up to one year or less, and shall place such person on probation on such terms and conditions as the court determines under the charge and supervision of the probation officer of the court during such suspension. The conditions imposed for a misdemeanor may include incarceration in the county jail for a specified period not to exceed one-half of the maximum time allowed for the offense or a fine not exceeding the amount of fine authorized for the offense. 1977 Ariz. Sess.Laws, ch. 105, § 1.

Under the old version of the statute the defendant could not have received more than one year's probation for a misdemeanor.[1] Under the amended version, however, he received two years' suspended sentence even though the maximum sentence which could have been imposed was one year. Thus, we must determine whether application of the two-year probation clause to offenses occurring before the effective date of the statute violates article 2, section 25 of the Arizona Constitution and article 1, section 10, clause 1 of the United States Constitution.[2]

■ Both constitutions prohibit the enactment of ex post facto laws. U.S.Const. art. 1, § 10, cl. 1; Ariz.Const. art. 2, § 25. Any additional or increased penalty provided for a crime after its commission is ex post facto. *LaPorte v. State,* 14 Ariz. 530, 532, 132 P. 563, 564 (1913). Thus, if probation is a penalty, we must remand the case for resentencing.

In their decision, Division One of the Court of Appeals determined that application of the amended probation statute violated both constitutional provisions regarding ex post facto laws. *State v. Mendivil,* 122 Ariz. 6, 592 P.2d 1272, 1 CA CR 2997 (1978). Division Two of the Court of Appeals, however, reached the opposite conclusion in a nearly identical fact situation. *State v. Levasseur,* 118 Ariz. 597, 578 P.2d 1026 (App.1978). In that case the defendant pleaded guilty to obstructing

1. Probationary terms may not be stacked. *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976).

2. Defense counsel directs our attention to the fourth amendment, presumably of the United States Constitution, but offers no explanation for this puzzling citation.

justice. At the time of sentencing the court designated the offense as a misdemeanor and placed the defendant on probation for two years. Although the offense had occurred prior to the 1977 amendment of § 13–1657, Division Two held that the amended version of § 13–1657 could be used because "probation is not a sentence," citing our decisions in *State v. Risher*, 117 Ariz. 587, 574 P.2d 453 (1978), and *Pickett v. Boykin*, 118 Ariz. 261, 576 P.2d 120 (1978), for that proposition.

 It is conceded that those cases explicitly declare that "[p]robation is not a sentence but rather a feature of the suspension of imposition of sentence." *Pickett v. Boykin*, 118 Ariz. at 262, 576 P.2d at 121, *citing State v. Risher, supra*. Notwithstanding that fact, probation may nevertheless constitute a penalty for purposes of the ex post facto laws. Although the impingement upon the defendant's freedom is not as great when probation is imposed rather than incarceration, curtailment of the defendant's freedom however minimal constitutes a penalty. We reach this conclusion mindful that in a closely related situation other jurisdictions have held that because parole is a matter of legislative grace, statutes which change or modify eligibility for parole in a manner detrimental to a prisoner are not ex post facto laws and hence not unconstitutional. *E. g., Petition of Beaton*, 354 Mass. 670, 241 N.E.2d 845 (1968); *State ex rel. Koalska v. Swenson*, 243 Minn. 46, 66 N.W.2d 337 (1954), *cert. denied*, 348 U.S. 908, 75 S.Ct. 308, 99 L.Ed. 712 (1955); *Zink v. Lear*, 28 N.J.Super. 515, 101 A.2d 72 (1953). While we agree that probation or parole is not a constitutional right but a matter of legislative grace, *State v. Smith*, 112 Ariz. 416, 419, 542 P.2d 1115, 1118 (1975), we prefer to join those jurisdictions which subscribe to the premise that statutes detrimentally affecting parole eligibility are unconstitutionally insofar as applied to a prisoner charged with commission of a crime prior to the enactment of the statute. *E. g., In re Griffin*, 63 Cal.2d 757, 48 Cal. Rptr. 183, 408 P.2d 959 (1965); *Nelson v. Ellsworth*, 142 Mont. 14, 380 P.2d 886 (1963); *Goldsworthy v. Hannifin*, 86 Nev. 252, 468 P.2d 350 (1970); *State ex rel. Muel-*

*ler v. Powers*, 64 Wis.2d 643, 221 N.W.2d 692 (1974).

 In the instant case, the defendant's freedom of activity will be restricted for two years instead of one. The addition of one year increases the penalty so as to run afoul of the prohibition against ex post facto laws. Thus, we conclude that application of the amended version of A.R.S. § 13–1657 to the defendant for an offense committed prior to the effective date of the amendment violates article 2, section 25 of the Arizona Constitution and article 1, section 10, clause 1 of the United States Constitution.

 *State v. Mendivil*, 122 Ariz. 6, 592 P.2d 1272, 1 CA–CR 2997 (1978), is vacated. *State v. Levasseur*, 118 Ariz. 597, 578 P.2d 1026 (App.1978), is disapproved to the extent that it conflicts with this opinion. The judgment of the trial court is affirmed and the case is remanded for resentencing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.