604 P.2d 20

**The STATE of Arizona, Appellee,**

v.

**Daniel Benjamin SANDERS, Appellant.**

**No. 2 CA–CR 1797.**

Court of Appeals of Arizona,
Division 2.

Oct. 29, 1979.

Rehearing Denied Dec. 4, 1979.

Review Denied Dec. 18, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

E. K. Parks, III, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was charged by indictment as follows:

"On or about the 11th day of October, 1978, DANIEL BENJAMIN SANDERS controlled or came into control of property or services with a value of more than $100 as follows: A 1977 Yamaha Motorcycle, VIN 1W4003578, a motor vehicle, all in violation of A.R.S. Secs. 13–1802, 13–701, 13–702, 13–801, 13–803, 36–142, and 13–604(A) and (C)."

After trial to the court, he was convicted. Two prior felony convictions had been alleged and appellant was found to have committed those. He was sentenced to a ten year term of imprisonment.

At trial, Gary Kennedy, the owner of the motorcycle, testified that on July 3, 1978, he had purchased it from Randy Jones for $925. In the latter part of September, 1978, the motorcycle was stolen from him. About October 5, 1978, appellant notified the police that the motorcycle had been stolen from him. He stated that he had purchased the motorcycle from Brad Hollingsworth, a student at Sabino High School. On October 11, 1978, Officer Whitmore met appellant at Desert Auto where the motorcycle was stored after having been recovered from the persons who had taken it from appellant. Appellant completed and signed a document in which he affirmed ownership of the motorcycle and claimed to have purchased it on July 15, 1978, from an unnamed airman who had since transferred out of the continental United States. Kevin McGray, a friend of appellant, testified that when he accompanied appellant to Desert Auto, appellant told him that he had changed the number on the motorcycle. Officer Spivey testified that it appeared that an effort had been made to change a "3" on the motorcycle's identification number to an "8." On or about October 6, 1978, McGray gave a statement to Officer Redlaezyk concerning the theft from appellant. He testified that the motorcycle had been stolen on that day.

Appellant contends that the theft of the motorcycle, with which he was charged, was complete late in September and prior to October 1, 1978, the date the new criminal code under which he was charged became effective. The trial court made specific findings of fact, including the following:

"The Court further finds Defendant exercised control over the motorcycle so as to exclude the owner from the property."

Thus, appellant was found guilty of a violation of subsection A(1), which provides:

"13–1802. Theft; classification

A. A person commits theft if, without lawful authority, such person knowingly:

1. controls property of another with the intent to deprive him of such property."

The word "control" is defined in A.R.S. Sec. 13–1801(1) as follows:

" 'Control' or 'exercise control' means to act so as to exclude others from using their property except on the defendant's own terms."

The evidence shows that appellant had acted so as to exclude the rightful owner from using the motorcycle, except on appellant's terms, until it was stolen from appellant on October 5, 1978. That appellant was unable to regain control of the vehicle on October 11, is of no moment. His appearance before the authorities, confirmed by McGray's testimony that the robbery occurred at that time, pins the date down to October 5, 1978, as the time when appellant lost control. His physical possession of the motorcycle immediately prior to the theft from him, placed him in violation of the new criminal code after it became effective. Viewing the evidence in the light most favorable to the state, *State v. Perez,* 94 Ariz. 290, 283 P.2d 745 (1963), we find substantial evidence in the record that the crime occurred after the effective date of the new code. *State v. Childs,* 113 Ariz. 318, 553 P.2d 1192 (1976).

Appellant argues that the state retroactively applied the new criminal code. This contention is without merit. Appellant's conduct which supports the charge and con-

viction occurred after October 1, 1978. The commentary of the Arizona Criminal Code Commission concerning Sec. 13–1802 states:

"The code changes existing law in several respects. Unlike existing A.R.S. Section 13–661, Section 1802 speaks not of 'taking' another's property but of 'exercising control' over it. The shift of terminology broadens the scope of the offense to cover thefts where there is no 'carrying away,' as in the sophisticated varieties of electronic or telephonic manipulations and in cases such as misdirecting shipments or luring an animal out of its cage. The language of 'control' thus eliminates the technical requirement of asportation exemplified in *Pass v. State,* 34 Ariz. 9, 267 P. 206 (1928); *Davis v. State,* 41 Ariz. 12, 15 P.2d 242 (1932); and *State v. Allen,* 1 Ariz.App. 161, 400 P.2d 589 (1965). Also the concept of theft is extended to real property by the new definition of 'control.'"

We are not persuaded by appellant's novel argument that having violated the old criminal code he is shielded therein and the state is locked out from prosecuting him under the new code. His conduct after October 1, 1978, subjects him to the new code.

The constitutions of the United States and of the State of Arizona prohibit ex post facto laws. United States Constitution, art. 1, sec. 10; Arizona Constitution, art. 2, sec. 25. Ex post facto laws are laws that change punishment and inflict a greater punishment than laws annexed to the crime when committed, and laws which alter elements of the crime and authorize the receipt of less or different evidence than required at the time of commission of the offense in order to convict the offender. *State v. Deddens,* 112 Ariz. 425, 542 P.2d 1124 (1975); *State v. Vineyard,* 96 Ariz. 76, 392 P.2d 30 (1964). We find appellant's ex post facto argument unpersuasive since the conduct comprising the offense charged occurred after the new code went into effect. The statute does not relate back to prejudice appellant for past offenses. Nor do we find the authorities cited by him relating to continuing offenses and statutes of limitations apposite since we are not confronted with those problems in the instant appeal.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.