604 P.2d 1160

The STATE of Arizona, Appellee,

v.

Jay Elroy PENDERGRAFT, Appellant.

No. 2 CA–CR 1857.

Court of Appeals of Arizona,
Division 2.

Nov. 13, 1979.

Rehearing Denied Dec. 19, 1979.

Review Denied Jan. 8, 1980.

---

**2.** Certiorari was denied May 30, 1978. *Swoap v. Garcia*, 436 U.S. 930, 98 S.Ct. 2829, 56 L.Ed.2d 775 (1978).

**450**

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by Barry J. Baker Sipe, Asst. Pima County Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

This appeal attacks the constitutionality of A.R.S. § 13–604, the recidivist statute of the new criminal code. Appellant, whose punishment for a class 3 felony and a class 5 felony was enhanced by a 1977 conviction, contends that A.R.S. § 13–604 is violative of the United States and Arizona constitutions which prohibit enactment of ex post facto laws.

Appellant pled guilty to the two felony offenses which were committed December 19, 1978, after the effective date of the new code. Under A.R.S. § 13–604(A) and § 13–604(B) appellant was not eligible for release on probation or parole until he had served one-half the sentence imposed for the class 5 felony and two-thirds of the sentence imposed for the class 3 felony. Appellant contends that he could be sentenced constitutionally only under the recidivist statutes in effect when the prior offense was committed. We do not agree.

■ Any additional or increased penalty provided for a crime after its commission is ex post facto. *State v. Mendivil*, 121 Ariz. 600, 592 P.2d 1256 (1979). This principle also applies to statutes detrimentally affecting parole eligibility. *Mendivil, supra.*

■ The offenses for which appellant was sentenced, however, were committed after A.R.S. § 13–604 was enacted. It did not punish him for past conduct, but merely notified him that he was subject to increased punishment for commission of a felony in the future. The fact that the 1977 conviction enhanced appellant's punishment does not make A.R.S. § 13–604

invalidly retroactive. *State v. Maldonado*, 578 P.2d 296 (Mont.1978). Each sentence imposed was not an additional penalty for the earlier crime but was merely "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.