688 P.2d 1097

**STATE of Arizona, Appellant,**

v.

**Billy YELLOWMEXICAN, Appellee.**

**No. 1 CA–CR 7162.**

Court of Appeals of State of Arizona, Division 1, Department B.

June 12, 1984.

John Verkamp, Coconino County Atty. by Christopher O. Anderson, Deputy County Atty., Flagstaff, for appellant.

Aspey, Watkins & Diesel by Frederick M. Aspey, Flagstaff, for appellee.

OPINION

MEYERSON, Presiding Judge.

The issues presented in this appeal by the state from the dismissal of two charges

of driving while intoxicated against the defendant are:

1. Whether the trial court erred by ruling that A.R.S. § 28–692.01.F., as applied to defendant, is invalid as an *ex post facto* law.

2. Whether the trial court erred by ruling that A.R.S. § 28–692.02.A., as applied to defendant, is invalid as an *ex post facto* law.

We find that the trial court erred with respect to both of the above issues. Therefore, the judgment is reversed and the matter remanded with instructions to reinstate the two charges.

Defendant Billy Yellowmexican was convicted of driving while intoxicated (DWI) on May 28, 1980, and again in July, 1981. On March 2, 1983, he allegedly committed a third DWI offense while his driver's license was revoked and was charged under both A.R.S. § 28–692.01.F. (third DWI in thirty-six months)[1] and A.R.S. § 28–692.02.A. (DWI while license revoked).[2]

Before trial, the defendant moved to dismiss both charges on the ground that the application of the above statutes to him constituted a prohibited *ex post facto* law. The trial court agreed and dismissed both counts of the indictment. The state timely appealed pursuant to A.R.S. § 13–4032. On appeal, the state argues that the trial court improperly dismissed these charges contending there is no violation of the federal and Arizona constitutional proscriptions against *ex post facto* laws. I. A.R.S. § 28–692.01.F.

Defendant was charged with violating A.R.S. § 28–692.01.F. for an alleged DWI offense on March 2, 1983. Effective July 24, 1982, this statute designated a third or subsequent violation of A.R.S. § 28–692 within a thirty-six month period as a class 5 felony. Defendant contends that the trial court correctly concluded that application of this statute to him is an *ex post facto* law because it changes the "legal consequences" of his prior convictions in 1980 and 1981. Specifically, defendant argues that when he pleaded guilty to his two prior convictions, he was informed and understood that a subsequent conviction within a twenty-four month period would only be a misdemeanor,[3] with a minimum of sixty days jail sentence and the possibility of probation. Because of the new law, defendant complains that he now faces a mandatory six month sentence as a felon, without the possibility of probation. In short, he argues that the new legislation has increased the punishment for his two prior DWI's.

■ The federal and state prohibitions against the enactment of *ex post facto* laws are contained in the United States Constitution, art. 1, §§ 9, 10, and the Arizona Constitution, art. 2, § 25. The federal constitution forbids either the Congress or the states from enacting any law "which im-

---

**1.** At the time of defendant's third offense, A.R.S. § 28–692.01.F. provided, in relevant part, as follows:

If a person is convicted of a third or subsequent violation of § 28–692 within a period of thirty-six months, the person is guilty of a class 5 felony and shall be sentenced to serve not less than six months in prison. A judge shall not grant probation, pardon, parole, commutation or suspension of sentence or release on any other basis, except upon the condition that the person serve not less than six months in prison.

A.R.S. § 28–692.01.F. has since been further amended. Laws 1983, ch. 279, § 7, effective July 27, 1983. This amendment is not relevant to this appeal.

**2.** A.R.S. § 28–692.02.A. provides in relevant part as follows:

A person whose ... license is suspended, cancelled, revoked or refused and who commits an offense in violation of § 28–692 during the period of such suspension, cancellation, revocation or refusal ... is guilty of a class 5 felony and shall be sentenced to serve not less than six months in prison. A judge shall not grant probation, pardon, parole, commutation or suspension of sentence or release on any other basis, except upon the condition that the person serve not less than six months in prison.

*See O'Hara v. Superior Court,* 138 Ariz. 247, 248, 674 P.2d 310, 311–14 (1983). This statute was amended in 1984. Laws 1984, ch. 257, § 5.

**3.** Defendant is referring to the former A.R.S. § 28–692.01.B.

poses a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 22. (1981). The Arizona constitutional proscription against *ex post facto* laws is similar. *State v. Sanders*, 124 Ariz. 318, 604 P.2d 20 (App.1979). The purposes of these clauses are "to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed" and to restrict "governmental power by restraining arbitrary and potentially vindictive legislation." *Weaver v. Graham*, 450 U.S. at 28–29, 101 S.Ct. at 964. There are two basic elements necessary for a criminal law to be *ex post facto:* (1) it must be retroactive—apply to events occurring before its enactment—and (2) it must disadvantage the offender affected by it. *Id.* at 29, 101 S.Ct. at 964.

The punishment imposed under A.R.S. § 28–692.01.F. is based on the third DWI. It does not increase the penalty for the prior convictions. In fact, except for the third conviction, there would be no punishment beyond that originally imposed for the first two DWI's. Thus, A.R.S. § 28–692.01.F. is an enhanced punishment statute, also commonly referred to as a recidivist statute. *See State v. Renteria*, 126 Ariz. 591, 593, 617 P.2d 543, 545 (App. 1979).

Enhanced punishment statutes for repeat offenders have been consistently upheld against arguments that they violate *ex post facto* proscriptions. In *Gryger v. Burke*, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), the defendant argued that because one of the convictions on which his sentence was based occurred prior to the enactment of the Pennsylvania Habitual Criminal Act, the statute as applied to him was unconstitutionally *ex post facto*. The United States Supreme Court disagreed stating:

> Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a

fourth offender occurred before the Act was passed, makes the Act invalidly retroactive .... The sentence as a fourth offender or habitual offender is not to be viewed as ... additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.

344 U.S. at 732, 68 S.Ct. at 1258.

Division Two of this court, in *State v. Pendergraft*, 124 Ariz. 449, 604 P.2d 1160 (App.1979), considered whether A.R.S. § 13–604, the general recidivist statute of Arizona's new criminal code, violated the United States and Arizona constitutional provisions regarding *ex post facto* laws. The court noted that any additional or increased penalty provided for a crime after its commission is *ex post facto*. However, the court upheld this statute stating:

> The offenses for which appellant was sentenced, however, were committed after A.R.S. § 13–604 was enacted. It did not punish him for past conduct, but merely notified him that he was subject to increased punishment for commission of a felony in the future. The fact that the 1977 conviction [prior to the enactment of the new criminal code] enhanced appellant's punishment does not make A.R.S. § 13–604 invalidly retroactive. Each sentence imposed was not an additional penalty for the earlier crime but was merely 'a stiffened penalty for the latest crime' ....

124 Ariz. at 450, 604 P.2d at 1161 (citations omitted).

Other jurisdictions have considered similar enhanced punishment provisions for repetitive drunk driving offenses. Uniformly, they have held that such statutes may validly use convictions incurred prior to their enactment. *State ex. rel Van Natta v. Rising*, 262 Ind. 33, 310 N.E.2d 873 (1974); *State v. Levey*, 122 N.H. 375, 445 A.2d 1089 (1982); *State v. Willis*, 332 N.W.2d 180 (Minn.1983); *see generally* A. Campbell, *Law of Sentencing* § 66 (1978). The court, in *Levey* noted that:

As of the effective date [of the statute], the defendant was on notice as to what would happen if she were again convicted of driving while intoxicated. The penalty she faces if convicted will not result from the legislation, but rather from her own acts which took place after the effective date of the legislation.

122 N.H. at 378, 445 A.2d at 1091 (citations omitted).

In *State v. Willis*, the Minnesota Supreme Court rejected an *ex post facto* challenge to a 1982 DWI statute. The new law increased the maximum penalty for a subsequent DWI from a $500 fine and ninety days imprisonment to a $1,000 fine and imprisonment up to one year. The defendant's prior conviction occurred before the effective date of the statute. The court held:

The use of prior convictions to increase punishment for an underlying substantive offense committed after the effective date of a statute providing for increased penalties does not violate the *ex post facto* provisions of either the state or federal constitutions. The 1982 amendment did not increase the penalty imposed on offenses pre-dating the effective date of the statute. Rather, it increased the possible penalty for the latest crime, which is considered a gross misdemeanor because of the prior offense. Merely allowing a conviction obtained before the amendment to be used in the assessment of the penalty for a subsequent offense does not violate the constitution. Numerous courts have so held.

332 N.W.2d at 185 (citations omitted).

Defendant argues that the foregoing cases are not applicable because A.R.S. § 28–692.01.F. is not a recidivist sentencing statute, but rather a statute creating a new crime. *State v. Geschwind*, 136 Ariz. 360, 666 P.2d 460 (1983). Upon concluding that a prior DWI conviction is an element of *A.R.S. § 28–692.02*, the court in *Geschwind* held that the prior conviction must be proven as a part of the state's case in chief.

Defendant places great weight on the supreme court's statement that the prior DWI conviction is an element of the offense. It is in this respect, defendant argues, that A.R.S. § 28–692.01.F. penalizes conduct which occurred prior to the effective date of the statute. The supreme court's ruling with respect to the manner of proof of any prior DWI convictions, however, does not change the substance of A.R.S. § 28–692.01.F. as a recidivist statute. Indeed, the legislature has described A.R.S. § 28–692.01 as a "classification and sentencing" statute.

In any prosecution for a violation of [A.R.S. § 28–692] the state shall, *for the purpose of classification and sentencing pursuant to A.R.S. § 28–692.01*, allege all prior convictions of violating [A.R.S. § 28–692] occurring within the past thirty-six months, unless there is clearly an insufficient legal or factual basis to do so.

A.R.S. § 28–692.D. (emphasis added).

It is clear that no greater or additional penalty is imposed upon the defendant for his earlier offenses by virtue of A.R.S. § 28–692.01.F. Defendant was simply put on notice that if he committed a third DWI offense within thirty-six months, his punishment for the third offense would be enhanced because of his prior convictions. Conversely, if the defendant did not commit a third offense within the thirty-six month period he would suffer no greater punishment for having committed the two prior offenses. Thus, it is the defendant's conduct in committing the third offense which triggers the recidivist feature of A.R.S. § 28–692.01.F. For that reason, the statute is not an *ex post facto* law.

Finally, *Weaver v. Graham*, and *State v. Mendivil*, 121 Ariz. 600, 592 P.2d 1256 (1979), relied upon by defendant, are readily distinguishable from this case. In *Weaver*, the crime charged occurred in January, 1976. The sentencing statute in effect at that time provided for good conduct credits at a certain rate. A new law, allowing such credits at a lesser rate, became effective in January, 1979. The lesser rate

was then applied to the defendant. The United States Supreme Court held that the application of the amended statute substantially altered the punishment for a crime committed before the law took effect and therefore was invalid, as applied to defendant, as an *ex post facto* law.

In *Mendivil,* the defendant was charged on April 26, 1977, and pleaded guilty on August 23, 1977. On August 27, 1977, the applicable statute changed, extending the probation period from one to two years. Defendant had sentence imposed on September 19, 1977, at which time he received the two year probationary sentence. The court found that the application of the new law to the defendant violated the prohibition against *ex post facto* laws.

In this case, the sentences imposed for the first two DWI's are not retroactively altered by the enactment of A.R.S. § 28–692.01.F. Rather, after the statute was enacted a subsequent DWI crime allegedly occurred. There was no subsequent crime in either *Weaver* or *Mendivil.* The defendants in those cases suffered a legal detriment without any further wrongful conduct on their part. Here, it is the defendant's third DWI which results in the enhanced punishment. The enactment of

A.R.S. § 28–092.01.F. in 1982 put him on notice of the consequences of any further DWI offense. No similar notice was given to the defendants in *Weaver* and *Mendivil.*

## II. A.R.S. § 28–692.02.A.

■ The charge under A.R.S. § 28–692.-02.A. for DWI while license revoked is clearly not subject to *ex post facto* attack. The revocation occurred on November 17, 1982,[4] after the effective date of A.R.S. § 28–692.02.A. on July 24, 1982. Because the statute became effective prior to the license revocation, defendant cannot claim the statute has been retroactively applied to him.

The trial court erred by dismissing counts one and two. Therefore, the judgment is reversed and remanded with instructions to reinstate both of the charges.

JACOBSON, C.J., and OGG, J., concur.

---

**4.** This date is not in the record. Defendant does not deny that the revocation occurred subsequent to July, 1982. Even if the revocation occurred prior to the effective date of A.R.S.

§ 28–692.02.A. (or if the revocation was for conduct occurring prior to that date), defendant would have no valid *ex post facto* claim for the reasons set forth in Section I, *supra.*