STATE EX REL. MUELLER, and others, on behalf of themselves and all persons similarly situated, Petitioners, v. POWERS, Individually, and as Administrator, Division of Corrections, Department of Health & Social ·Services, and others, Respondents.

*(August Term, 1973). Argued May 3, 1974.—Decided September 27, 1974.*
(Also reported in 221 N. W. 2d 692.)

643

For the petitioners there were briefs and oral argument by *Howard B. Eisenberg,* state public defender.

For the respondents the cause was argued by *William A. Platz,* assistant attorney general, with whom on the briefs was *Robert W. Warren,* attorney general.

PER CURIAM. Petitioners, convicted and sentenced for second-degree murder, sec. 940.02, Stats., subsequent to April 1, 1969, and prior to August 4, 1973, and inmates of the Wisconsin state prison system, bring this action on their own behalf and on behalf of all persons similarly situated against respondent, Sanger B. Powers, the duly appointed Administrator of the Division of Corrections, Department of Health & Social Services (hereinafter department) and *ex officio* chairman of the parole board, and others, to determine their rights before the parole board and for a peremptory writ of mandamus ordering and directing respondents to forthwith compute and determine the parole eligibility of each petitioner according to the provisions of sec. 57.06, which were in force at the time each petitioner was convicted and sentenced. An order to show cause why the peremptory writ of mandamus should not issue was issued April 9, 1974. Hearing

was held thereon May 3, 1974, and briefs were filed in this court by all parties.

Petitioners challenge the constitutionality of sec. 57.06 (1) (a), Stats., as amended in 1973, insofar as it has application to their eligibility for parole. Petitioners contend that the statute relating to parole eligibility in force at the time petitioners were convicted and sentenced would authorize their eligibility for parole following the service of two years' imprisonment,[1] whereas the current statute, as amended in 1973, would extend such period to five years.[2] Petitioners maintain that sec. 57.06 (1) (a), as amended in 1973, must be given prospective application only, and that, insofar as it is being applied retrospectively to them by the respondents, it constitutes an *ex post facto* law prohibited by art. I, sec. 12 of the Wisconsin Constitution and art. I, sec. 10, clause 1 of the United States Constitution.

A law which imposes a punishment for an act which was not punishable at the time it was committed, or imposes an additional punishment to that then prescribed,

---

[1] Prior to amendment in 1973, sec. 57.06 (1) (a), Stats., in part, provided:

"The department may parole an inmate of the Wisconsin state prisons or any felon or any person serving at least one year or more in the Milwaukee county house of correction or a county reforestation camp organized under s. 56.07, when he has served the minimum term prescribed by statute for the offense (which shall be one year unless a greater minimum is prescribed by the statute defining the crime) or one-half of the maximum of an indeterminate term or 2 years, whichever is least . . . ."

[2] As amended by sec. 300 of ch. 90, Laws of 1973, sec. 57.06 (1) (a), Stats., reads as follows:

"The department may parole an inmate of the Wisconsin state prisons or any felon or any person serving at least one year or more in the Milwaukee county house of correction or a county reforestation camp organized under s. 56.07, at any time if there is no minimum prescribed for the offense, or when he has served the minimum term prescribed by statute for the offense . . . ."

is an *ex post facto* law within the definition thereof adopted by both this court and the United States Supreme Court. *Medley, Petitioner* (1890), 134 U. S. 160, 10 Sup. Ct. 384, 33 L. Ed. 835; *Cummings v. Missouri* (1866), 71 U. S. (4 Wall.) 277, 325, 326, 18 L. Ed. 356; *Calder v. Bull* (1798), 3 U. S. (3 Dall.) 386, 390, 1 L. Ed. 648; *State ex rel. Globe Steel Tubes Co. v. Lyons* (1924), 183 Wis. 107, 123, 197 N. W. 578; *Bittenhaus v. Johnston* (1896), 92 Wis. 588, 593, 66 N. W. 805. The court in *Medley, Petitioner, supra,* at page 171, stated:

". . . any law which was passed after the commission of the offense for which the party is being tried is an *ex post facto* law, when it inflicts a greater punishment than the law annexed to the crime at the time it was committed . . . . or which alters the situation of the accused to his disadvantage . . . ."

It is undisputed that a legislative act increasing the sentence to be given an offender for a crime committed before the law was passed would be an *ex post facto* law and constitutionally prohibited. A more difficult problem arises when a legislative act does not increase the sentence, but in some other manner alters the punishment of the offender to his detriment after he has committed the crime, or, as in the instant case, after he has been convicted and sentenced. The issue presented by the petition now before this court is whether sec. 57.06, Stats., as amended in 1973, and as applied retroactively by the respondents, increasing the period to be served by petitioners from two to five years before they are eligible for parole consideration, is a constitutionally prohibited *ex post facto* law.

Although this issue is one of first impression for this court, the majority of courts of other jurisdictions that have considered this question have held that the retroactive application of an amendatory statute increasing the period to be served by an offender before he is eligible

for parole consideration is constitutionally prohibited as an *ex post facto* law.[3] We agree. The retroactive application of sec. 57.06, Stats., as amended in 1973, increasing the time that must be served by petitioners before they are eligible for parole consideration from two to five years in a very real and practical sense imposes an additional penalty and violates the constitutional inhibition against *ex post facto* legislation. Although the decision to refuse or grant parole lies within the discretion of the department,[4] Wisconsin law grants petitioners as a matter of right the opportunity to be considered for parole after serving a given period of time. A retroactive increase of this period violates petitioners' constitutional rights. While parole eligibility is not and need not be considered among the standards laid down by this court in *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713, to insure the knowing and voluntary nature of guilty pleas, the retroactive application of sec. 57.06 (1) (a), as amended in 1973, has a substantial effect upon petitioners' punishment. It alters the situation of petitioners to their disadvantage, *Medley, Petitioner, supra,* and, as such, is prohibited by both the Wisconsin Constitution and the United States Constitution.

The relief requested by the instant petitioners must, however, be denied. This court has constantly held that

[3] *In re Griffin* (1965), 63 Cal. 2d 757, 48 Cal. Rptr. 183, 408 Pac. 2d 959; *Ex parte Alegria* (Tex. Crim. App. 1971), 464 S. W. 2d 868, 874; *Goldsworthy v. Hannifin* (1970), 86 Nev. 252, 468 Pac. 2d 350, 352; *Love v. Fitzharris* (9th Cir. 1972), 460 Fed. 2d 382; *Greenfield v. Scafati* (D. C. Mass. 1967), 277 Fed. Supp. 644, 646, affirmed, 390 U. S. 713, 88 Sup. Ct. 1409, 20 L. Ed. 2d 250.

*Contra: State ex rel. Koalska v. Swenson* (1954), 243 Minn. 46, 66 N. W. 2d 337, certiorari denied, 348 U. S. 908, 75 Sup. Ct. 308, 99 L. Ed. 712; *Zink v. Lear* (1953), 28 N. J. Super. 515, 101 Atl. 2d 72.

[4] *State ex rel. Hake v. Burke* (1963), 21 Wis. 2d 405, 410, 124 N. W. 2d 457; *Tyler v. State Department of Public Welfare* (1963), 19 Wis. 2d 166, 173, 119 N. W. 2d 460.

a petitioner's right to have the required act performed by respondent and respondent's duty to perform it at the time and in the manner demanded must concur before mandamus will issue to compel the act. *State ex rel. Redenius v. Waggenson* (1909), 140 Wis. 265, 122 N. W. 726, 122 N. W. 809. The right petitioners seek to enforce is the right existing under sec. 57.06 (1) (a), Stats., prior to the 1973 amendment, to be considered for parole after two years' imprisonment. Petitioners, however, have not alleged that they have served the required two years, and, therefore, have not alleged that the right they seek to enforce has accrued to them. Application of the rights declared above must await the filing of a petition or petitions alleging facts sufficient to establish mandamus as the appropriate remedy.

The petition is denied for failure to allege sufficient facts to support the issuance of a writ of mandamus.