STATE of Wisconsin EX REL. Virgil EDER,
Petitioner-Respondent,

v.

James MATTHEWS, Superintendent, Winnebago State
Camp, and Donald Percy, Secretary, Department
of Health & Social Services,
Respondents-Appellants.

Court of Appeals

*No. 82–1294. Argued August 18, 1983.—*
*Decided September 13, 1983.*
(Also reported in 340 N.W.2d 66.)

For the respondents-appellants the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, *Michael R. Klos,* assistant attorney general. Oral argument by *Michael R. Klos.*

For the petitioner-respondent the cause was submitted on the brief of *Richard D. Martin,* assistant state public defender. Oral argument by *Richard D. Martin.*

Before Scott, C.J., Voss, P.J., and Brown, J.

SCOTT, C.J.  The Department of Health and Social Services appeals from an order that Virgil Eder's good time be computed according to the formula for a continuing sentence set out in sec. 53.11(1), Stats.,[1] and not the formula for a new sentence set out in a Department memorandum.  The question before us is whether the trial court properly determined that the Department's formula could not be used retroactively to compute Eder's good time after revocation of his mandatory parole.  Because the Department's formula was not issued until after revocation of Eder's mandatory parole, we conclude that retroactive application would contravene his constitutional right to be free from *ex post facto* laws.  Therefore, we affirm the trial court's order requiring recomputation of Eder's formula under sec. 53.11(1).

On February 24, 1981, Virgil Eder received a mandatory release parole after serving approximately seven

---

[1] Section 53.11(1), Stats., reads, in relevant part:

[E]ach inmate who shall conduct himself in a proper manner and perform all the duties required of him shall be entitled to good time or diminution of sentence according to the following table, prorated for any part of a year: First year, one month; second year, 2 months; third year, 3 months; fourth year, 4 months; fifth year, 5 months; every year thereafter, 6 months.

years of a fifteen-year sentence for second-degree murder concurrent with a two-year sentence for felony theft. On August 26, 1981, a hearing examiner revoked Eder's parole and ordered that he forfeit two years of his good time. The examiner further ordered that Eder should be eligible to earn good time on the two years of forfeited good time.

After Eder was returned to prison, he received a notice stating that his new mandatory release date was June 15, 1983. The notice explained that since the registrar's office had not been told by the Department how to compute good time credits for mandatory release violators, Eder's mandatory release date had been figured without good time credits. The notice advised Eder that he would be given a revised mandatory release date as soon as the registrar received a computation formula from the Department.

On February 11, 1982, the Department issued a memo instructing registrars that in computing good time credits for mandatory release violators returned to prison under sec. 53.11(7)(b), Stats., "the amount of good time forfeited shall be considered in the same manner as a new sentence for the purpose of computing the individual's new mandatory and maximum release dates." The memo stated that the computation formula should be used for all revocations ordered after January 3, 1978.

On February 17, 1982, Eder received notice that in accordance with the Department's good time computation formula, his mandatory release date was January 9, 1983. Eder then filed a petition for a writ of habeas corpus alleging that he was entitled to good time credits under the formula in sec. 53.11(1), Stats., and not under the formula announced by the Department memo on February 11, 1982. Calculated according to the sec. 53.11(1) formula, Eder's good time amounted to one year; calcu-

lated according to the memo formula, his good time was three months.

The trial court ruled that the Department formula could not be applied retroactively and, therefore, awarded Eder good time calculated according to sec. 53.11(1), Stats.

The issue the parties would have us resolve is when a mandatory release parole violator is returned to prison to serve forfeited good time credit, can the Department order that the forfeited time be treated as a "new sentence" for the purpose of calculating good time.[2] The Department argues that it has discretion under sec. 53.11 (7)(b), Stats., to determine the appropriate formula for computing the good time a mandatory release violator is allowed to earn on the remainder of a sentence and that the formula set out in its February 11, 1982 memo is within the proper limits of this statutory discretion. Eder argues that the Department does not have authority to treat a mandatory release violator's forfeited good time as a new sentence and must follow the formula set out in sec. 53.11(1) to compute a mandatory parole violator's good time credit. We decline to reach this broad issue because, given the facts of this case, it is not ripe for determination by this court.[3] Assuming *arguendo* that the Department had the authority to de-

---

[2] We certified this issue on March 25, 1983, but the supreme court did not accept it for consideration. We believe, in retrospect, that under these facts, the case should be decided on the narrower issue.

[3] The Department has conceded that the formula for computation of good time set out in the February 11, 1982 memo did not comply with the rulemaking requirements of ch. 227, Stats. In addition, the Department's computation formula was applied to determine Eder's good time credit after he was revoked and returned to prison. The issue presented by the parties would be more appropriately before this court if, after proper promulgation of the rule, the Department's formula were applied to determine a mandatory release violator's good time.

termine the formula for computing good time for mandatory release violators, we conclude that application of that formula to Eder would constitute an *ex post facto* law. Therefore, given the facts of *this case,* we affirm the trial court's order.

A law which increases or alters the punishment of an offender to his detriment, after he has been convicted and sentenced, constitutes an *ex post facto* law prohibited by Wis. Const. art. I, § 12 and U.S. Const. art. I, § 10. *State ex rel. Mueller v. Powers,* 64 Wis. 2d 643, 645–46, 221 N.W.2d 692, 693 (1974). For example, the retroactive application of an amendatory statute which increases the period to be served by an offender before he is eligible for parole consideration is a constitutionally prohibited *ex post facto* law. *Id.* at 646–47, 221 N.W.2d at 694.

In this case, application of the Department's formula to determine Eder's good time would increase the period of his confinement. At the time of Eder's mandatory parole revocation, the only formula for computing good time credit was set out in sec. 53.11(1), Stats. Under that formula, he was eligible to earn one year of good time credit on the two years forfeited.[4] Application of the Department's formula, which was not issued and applied until almost six months after Eder's revocation, would have allowed only three months of good time credit. The net result of applying the Department formula would have been an additional nine months in prison before mandatory release. We find that the change in Eder's punishment resulting from application of the Department's formula constitutes a constitutionally prohibited *ex post facto* law. We, therefore, affirm

---

[4] When Eder's parole was revoked, he returned to prison to serve years seven and eight of his original sentence.

the trial court's order giving Eder credit for six months of good time for each of the two years forfeited by the Department at his parole revocation hearing.

*By the Court.*—Order affirmed.