IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2021 Term

_____

No. 20-0546

_____

FILED
**November 5, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Respondent

v.

JAMIE LYNN METHENY,
Petitioner

_____

Appeal from the Circuit Court of Harrison County
The Honorable James A. Matish, Judge
Criminal Case No. 15-F-128

AFFIRMED

_____

Submitted: September 14, 2021
Filed: November 5, 2021

Ryan C. Shreve, Esq.
Shreve Law Firm
Morgantown, West Virginia
Counsel for Petitioner

Patrick Morrisey, Esq.
Attorney General
Gordon L. Mowen, II, Esq.
Assistant Attorney General
Lara K. Bissett, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Respondent

JUSTICE ARMSTEAD delivered the Opinion of the Court.

JUSTICE WOOTON dissents and reserves the right to file a dissenting Opinion.

SYLLABUS BY THE COURT

1. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

2. "This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred." Syl. Pt. 8, *State v. Julius*, 185 W. Va. 422, 408 S.E.2d 1 (1991).

3. "Under Ex post facto principles of the United States and West Virginia Constitutions, a law passed after the commission of an offense which increases the punishment, lengthens the sentence or operates to the detriment of the accused, cannot be applied to him." Syl. Pt. 1, *Adkins v. Bordenkircher*, 164 W. Va. 292, 262 S.E.2d 885 (1980).

4. Applying W. Va. Code § 62-12-11 (2017) to a probation violation that occurred after this statute became effective does not implicate the ex post facto prohibitions of the United States and West Virginia Constitutions.

5. "Probation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime." Syl. Pt. 2, *State ex rel. Strickland v. Melton*, 152 W. Va. 500, 165 S.E.2d 90 (1968).

ARMSTEAD, Justice:

Petitioner Jamie Lynn Metheny ("Petitioner") pled guilty to a felony offense and was sentenced to two years of incarceration in 2015. The circuit court suspended her sentence and placed her on supervised probation for five years. When the court entered its order, W. Va. Code § 62-12-11 ("2015 probation statute") permitted a probation period of up to five years. This statute was amended in 2017. The 2017 version of W. Va. Code § 62-12-11 ("2017 probation statute") permits a probation period of up to seven years. Petitioner committed a probation violation in 2020. The circuit court determined that the 2017 probation statute applied to Petitioner's 2020 probation violation and entered an order extending Petitioner's probation period past five years.

On appeal, Petitioner contends that when she was placed on probation in 2015, the statutory term of her probation could not exceed five years. While that statute was amended in 2017 to permit a probation period of up to seven years, Petitioner argues that the 2017 probation statute cannot be applied to her under ex post facto principles.

After review, we find no error with the circuit court's order. Petitioner's 2020 probation violation, not her 2015 felony conviction, triggered the application of the 2017 probation statute. Therefore, we find no ex post facto violation and affirm the circuit court's July 10, 2020, order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Petitioner was indicted on seventeen felony counts involving the fraudulent use of an access device in violation of W. Va. Code § 61-3C-13 (1989).

1

Petitioner entered a guilty plea to the first count of the indictment in exchange for the dismissal of the remaining sixteen counts. The circuit court accepted Petitioner's guilty plea and sentenced her to two years of incarceration. However, the circuit court suspended the sentence and placed Petitioner on supervised probation for five years. When the court entered its order in August of 2015, the 2015 probation statute[1] permitted a probation period of up to five years. The effective start date of Petitioner's probation period was August 11, 2015.

Between 2015 and 2020, four petitions to revoke Petitioner's probation were filed. The instant appeal involves the circuit court's ruling on the fourth petition to revoke Petitioner's probation, which the State filed in June of 2020. The circuit court entered an order on July 10, 2020, finding that Petitioner violated the terms of her probation—she left

---

[1] The version of W. Va. Code § 62-12-11 in effect in 2015 provided as follows:

> The period of probation together with any extension thereof shall not exceed five years. Upon the termination of the probation period, the probation officer shall report to the court the conduct of the probationer during the period of his probation, and the court may thereupon discharge the probationer or extend the probation period. Whenever, before the end of the probation period the probationer has satisfactorily complied with all the conditions of his probation and it appears to the court that it is no longer necessary to continue his supervision, the court may discharge him. All orders extending the probation period and all orders of discharge shall be entered in the records of the court, and a copy of all such orders shall be sent by the clerk of the court to the board within five days after the making of the order.

West Virginia and was living in Pennsylvania without informing her probation officer. Petitioner admitted to this violation. The circuit court did not revoke Petitioner's probation and order that she be incarcerated for the remainder of her sentence. Instead, noting that W. Va. Code § 62-12-1 had been amended in 2017[2] to permit a probation period of up to seven years, the circuit court ordered that Petitioner's probation period would be extended through August 21, 2021. After entry of the circuit court's order, Petitioner filed the instant appeal.

## II. STANDARD OF REVIEW

Our standard of review is as follows: "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply

---

[2] The 2017 version of W. Va. Code § 62-12-11 provides as follows:

> The period of probation together with any extension thereof shall not exceed seven years. Upon the termination of the probation period, the probation officer shall report to the court the conduct of the probationer during the period of his or her probation, and the court may thereupon discharge the probationer or extend the probation period. Whenever, before the end of the probation period, the probationer has satisfactorily complied with all the conditions of his or her probation and it appears to the court that it is no longer necessary to continue his or her supervision, the court may discharge him or her. All orders extending the probation period and all orders of discharge shall be entered in the records of the court, and a copy of all such orders shall be sent by the clerk of the court to the board within five days after the making of the order.

3

a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

## III. ANALYSIS

On appeal, Petitioner argues that the circuit court erred "by violating ex post facto principles in ruling [that] it had the authority to extend Petitioner's sentence to a probationary period beyond five years." Petitioner asserts that the extension of her probation period increased her punishment, lengthened her sentence, and operated to her detriment in violation of this Court's prohibition against ex post facto punishment contained in *Adkins v. Bordenkircher*, 164 W. Va. 292, 262 S.E.2d 885 (1980).[3]

The State has confessed error. According to the State, the circuit court did not have the authority to extend Petitioner's probation term beyond five years under the plain language of the 2015 probation statute. The State argues that this matter should be decided purely on a statutory basis and that this Court should find that under the 2015 probation statute, Petitioner's probation period could not exceed five years. Further, the State asserts that it is unnecessary for the Court to analyze this issue pursuant to our ex post facto jurisprudence. However, the State provides that if the Court considers Petitioner's

---

[3] Petitioner also asserts that the circuit court's order violated the prohibition against ex post facto punishment as set forth in Article III, Section 4 of the West Virginia Constitution: "No bill of attainder, ex post facto law, or law impairing the obligation of a contract shall be passed." Ex post facto prohibition is also contained in Article I, Section 10, clause 1 of the United States Constitution: "No State shall . . . pass any Bill of Attainder, ex post facto law, or law impairing the Obligation of Contracts."

4

ex post facto challenge, it should determine that the circuit court's reliance on the 2017 probation statute did not violate ex post facto principles because, for the limited purpose of an ex post facto analysis, probation is an act of leniency rather than a punitive part of Petitioner's sentence.

As an initial matter, we do not accept the State's confession of error. We have held that "[t]his Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred." Syl. Pt. 8, *State v. Julius*, 185 W. Va. 422, 408 S.E.2d 1 (1991). Stated another way, "confessions of error do not automatically entitle a party to a reversal[;] reversal is required when it can be ascertained that the errors confessed are supported by law." *State v. Berrill*, 196 W. Va. 578, 587, 474 S.E.2d 508, 517 (1996) (internal quotations and citations omitted). We disagree with the State's contention that this case can be decided without addressing Petitioner's ex post facto argument. The issue in this matter is whether the 2015 or 2017 probation statute applied to Petitioner's 2020 probation violation. To resolve that question, we must examine whether the circuit court's reliance on the 2017 probation statute was permissible under our ex post facto jurisprudence. Therefore, we reject the State's confession of error and proceed to examine Petitioner's ex post facto argument.

Petitioner asserts that the circuit court's extension of her probation period beyond five years was impermissible under our ex post facto jurisprudence. In reviewing Petitioner's argument, we begin by noting that the United States Supreme Court addressed the Ex Post Facto Clause in *Beazell v. Ohio*, 269 U.S. 167, 169-170 (1925):

It is settled . . . that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with [a] crime of any defense available according to law at the time when the act committed, is prohibited as ex post facto.

Determining whether a law violates the Ex Post Facto Clause has two components, "a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it . . . by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (internal citation and quotation omitted). One of the main purposes of ex post facto prohibition is to ensure that individuals have "fair warning" about the effect of criminal statutes. *Landgraf v. USI Film Products*, 511 U.S. 244, 267 (1994). This Court has held that "[u]nder Ex post facto principles of the United States and West Virginia Constitutions, a law passed after the commission of an offense which increases the punishment, lengthens the sentence or operates to the detriment of the accused, cannot be applied to him." Syl. Pt. 1, *Adkins v. Bordenkircher*, 164 W. Va. 292, 262 S.E.2d 885.

While this Court has had numerous occasions to address ex post facto challenges, we have not examined the precise situation presented in the instant appeal in which a circuit court applied the 2017 probation statute to a defendant who was originally placed on probation pursuant to our 2015 probation statute, but who committed a probation violation after the 2017 statute was enacted. Courts from outside of our jurisdiction have considered ex post facto challenges under similar circumstances.

6

One legal treatise addressing this issue provides that "[a]s a general rule, the law in effect at the time of a defendant's commission of a criminal offense or conviction ordinarily remains the law that governs questions relating to the defendant's parole or probation." Neil P. Cohen, *Law of Probation & Parole*, § 18:9 (2020). However, this treatise notes an exception to the general rule:

> *If a person is convicted and sentenced to serve a term of probation, and a statute is subsequently passed that adversely affects probation rights in general, it cannot be applied to the original conviction, but it can be applied to probation violations that occur after the effective date of the statute.* As an example, North Dakota passed a statutory amendment that grants courts authority to revoke probation after the probation period has ended. This statute has been interpreted by the North Dakota Supreme Court not to apply to the original conviction (e.g., not to apply to a probation violation that occurred prior to the statute's passage), but to apply only to probation violations that have occurred after the amendment was adopted.

*Id.* (emphasis added).

In *State v. Monson*, 518 N.W.2d 171 (N.D. 1994), the North Dakota Supreme Court found no ex post facto violation where an amended probation statute was applied to an individual whose original conviction occurred prior to the amended probation statute being enacted, but who committed a probation violation after the amended probation statute was enacted. The court in *Monson* found support for its ruling in decisions from South Dakota, California, and Colorado, which had all concluded that a probation or parole statute that had been amended after a defendant's original conviction could not be applied

7

to the original conviction, but could be applied to a probation or parole violation committed

after the new statute was enacted. The North Dakota Supreme Court explained:

> In *In re Williams*, 488 N.W.2d 667 (S.D.1992), the South Dakota Supreme Court held that a 1986 provision of a statute regarding suspension of parole supervision time was not ex post facto because it was applied not to the defendant's 1981 conviction but to his 1987 parole violation. We agree with the court's reasoning. Here, the current statute, which expressly grants authority to the trial court to revoke probation after the probation has terminated, is not being applied to Monson's conviction, but to his alleged probation violation. It is his acts subsequent to the amendment of the statute that are at issue. *See also*, e.g., *In re Nolasco*, 181 Cal.App.3d 39, 226 Cal.Rptr. 65 (Ct.App.1986) [holding that extension of parole revocation terms for acts which occurred after effective date of statute subjecting parolee to additional penalties for misconduct in prison was not ex post facto]; *Gasper v. Gunter*, 851 P.2d 912 (Colo.1993) [holding that application of statute revoking parole time credit was not ex post facto where application was triggered by defendant's acts committed after statute became effective].

518 N.W.2d at 172-73.

Similarly, in *John L. v. Superior Court*, 14 Cal. Rptr. 3d 261, 91 P.3d 205

(2004), the Supreme Court of California considered an ex post facto challenge to an

amended probation statute that had been applied to petitioners whose original crimes were

committed prior to the statute being amended. The court described the specific challenge

as follows:

> Petitioners argue that [the] amended [probation statute] is retroactive as applied to them, because it affects probation ordered for . . . crimes predating [the amended probation statute]. Though triggered by new misconduct committed and litigated after [the amended probation statute] took effect, the

8

new statutory rules for proving probation violations assertedly relate back to the prior criminal acts for ex post facto purposes.

14 Cal. Rptr. 3d at 269-70, 91 P.3d at 212.

The Supreme Court of California rejected this argument, explaining:

No federal or state authority compels acceptance of this claim. Both this court and the Courts of Appeal have long held that someone who was convicted and sentenced for one crime, and who commits a new crime or other misconduct while either on conditional release or in custody for the original conviction, is subject to new penalties and adverse procedural laws enacted between the time of the two acts. Rejecting ex post facto claims like the one raised here, these cases reason that the new law merely alters the legal consequences of new misconduct (as opposed to prior crimes), and that it therefore has prospective (as opposed to retroactive) effect.

14 Cal. Rptr. 3d at 270, 91 P.3d at 212-13.[4]

---

[4] We note that courts outside our jurisdiction are not unanimous on this issue. In *State v. Mendivil*, 592 P.2d 1256 (Ariz. 1979), the Supreme Court of Arizona determined that an amended probation statute could not be applied to persons convicted of offenses prior to the new statute becoming effective. The court in *Mendivil* noted that probation is often considered a matter of grace, rather than a punishment. 592 P.2d at 1258. However, it found that under the circumstances of the case, "probation may nevertheless constitute a penalty for purposes of the ex post facto laws." *Id.* In so ruling, the court in *Mendivil* recognized the split of authority that exists on this issue:

[w]e reach this conclusion mindful that in a closely related situation other jurisdictions have held that because parole is a matter of legislative grace, statutes which change or modify eligibility for parole in a manner detrimental to a prisoner are not ex post facto laws and hence not unconstitutional. E.g., *Petition of Beaton*, 354 Mass. 670, 241 N.E.2d 845 (1968); *State ex rel. Koalska v. Swenson*, 243 Minn. 46, 66 N.W.2d 337 (1954), *Cert. denied*, 348 U.S. 908, 75 S.Ct. 308, 99 L.Ed.

(continued . . .)

The dissent acknowledges our conclusion that there is a split of authority on this issue from courts outside of our jurisdiction. The dissent relies on *Johnson v. United States*, 529 U.S. 694 (2000), in support of its position that the extension of Petitioner's probation was an ex post facto violation. Petitioners in *John L. v. Superior Court* also relied on *Johnson* in support of their ex post facto challenge. We agree with the Supreme Court of California's analysis rejecting petitioners' reliance on *Johnson*:

> Petitioners . . . rely on dictum in *Johnson v. United States* (2000) 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (*Johnson*), as persuasive authority for their retroactivity claim. There, a convicted felon, Johnson, committed new misconduct that violated the terms of his federal "supervised release," which is not unlike parole. The district court revoked Johnson's supervised release, resentenced him to prison, and ordered him to serve an additional year of supervised release

---

> 712 (1955); *Zink v. Lear*, 28 N.J.Super. 515, 101 A.2d 72 (1953). While we agree that probation or parole is not a constitutional right but a matter of legislative grace . . . we prefer to join those jurisdictions which subscribe to the premise that statutes detrimentally affecting parole eligibility are unconstitutional insofar as applied to a prisoner charged with commission of a crime prior to the enactment of the statute. E.g., *In re Griffin*, 63 Cal.2d 757, 48 Cal.Rptr. 183, 408 P.2d 959 (1965); *Nelson v. Ellsworth*, 142 Mont. 14, 380 P.2d 886 (1963); *Goldsworthy v. Hannifin*, 86 Nev. 252, 468 P.2d 350 (1970); *State ex rel. Mueller v. Powers*, 64 Wis.2d 643, 221 N.W.2d 692 (1974).

*Id.*

As discussed *infra*, this Court has consistently recognized that probation is a matter of grace, not a penalty or a punishment. We also note that this Arizona case was decided in 1979 and that the cases from California, Colorado, North Dakota, and South Dakota reaching the opposite conclusion all occurred after 1979.

10

when he left prison. The statutory source of the last requirement was unclear.

In the Sixth Circuit Court of Appeals, Johnson argued that the additional period of supervised release was not authorized by federal law when he committed the crime for which he was originally convicted. Johnson also claimed that his sentence could not be upheld under a new statute explicitly authorizing additional terms of supervised release. Because the new statute was enacted before the new misconduct but after the original crime, Johnson claimed its application would retroactively increase punishment for that crime in violation of the ex post facto clause.

The Sixth Circuit agreed with Johnson that only the new statute permitted an additional period of supervised release of the kind he received. Nevertheless, Johnson's ex post facto challenge to the new statute failed. The appellate court held that because revocation and related provisions of the new statute penalized Johnson for violating the conditions of his initial term of supervised release, they were prospective only and did not impermissibly enhance punishment for the original crime.

The United States Supreme Court found it "unnecessary" to reach and resolve this ex post facto question in order to uphold Johnson's sentence. Instead, as reflected in the bulk of the court's opinion, *Johnson* affirmed the judgment solely on statutory grounds.

14 Cal. Rptr. 3d at 270-71, 91 P.3d at 213 (internal citation omitted).

The Supreme Court of California further noted that

[t]he court in *Johnson* . . . cited *Greenfield v. Scafati* (D.Mass.1967) 277 F.Supp. 644, summarily affirmed *sub nomine Scafati v. Greenfield* (1968) 390 U.S. 713, 88 S.Ct. 1409, 20 L.Ed.2d 250 (per curiam), for the proposition that revocation and related sanctions are generally attributed to the original crime. In *Greenfield*, a parole violator lost the right to earn good conduct credits during his first six months back in prison under a statute enacted after he committed his original crime but before he violated parole. *Greenfield* found an ex post facto violation because the new statute disadvantaged the

11

inmate by delaying his eligibility for early release. *Greenfield* did not explain its apparent assumption that the loss of credits was part of the punishment for the original crime. Nor did *Greenfield* consider whether the new statute operated prospectively by sanctioning parole violations committed after it took effect. Though not cited in *Johnson* various federal and out-of-state cases have concluded, notwithstanding the approach in *Greenfield* that post[-]revocation sanctions do not necessarily relate to the original crime for ex post facto purposes. These courts also have declined to invalidate statutes as impermissibly retroactive under circumstances similar to those present in both *Greenfield* and *Johnson*. (E.g., *U.S. v. Byrd* (5th Cir.1997) 116 F.3d 770, 772-773; *U.S. v. Reese* (6th Cir.1995) 71 F.3d 582, 590-591; *Souza v. State* (Alaska Ct.App.1990) 792 P.2d 289, 290; *Gasper v. Gunter* (Colo.1993) 851 P.2d 912, 917-918; *Anderson v. Bruce* (2002) 274 Kan. 37, 50 P.3d 1, 7-8; *Still v. State* (Me.1969) 256 A.2d 670, 672-673; *Petition of Beaton* (1968) 354 Mass. 670, 241 N.E.2d 845, 847-848; *State v. Serena* (Minn.Ct.App.2003) 673 N.W.2d 182, 187-188; *State v. Monson* (N.D.1994) 518 N.W.2d 171, 172-173; *People ex rel. Newland v. Travis (*N.Y Sup.Ct.2000) 185 Misc.2d 881, 714 N.Y.S.2d 627, 632; *Watkins v. Class* (S.D.1997) 566 N.W.2d 431, 433-434.)

14 Cal. Rptr. 3d at 281, n. 6, 91 P.3d at 222, n. 6 (internal citation omitted).

We agree with the reasoning of the California, Colorado, North Dakota, and South Dakota courts which found no ex post facto violation under circumstances similar to the instant case. We hold that applying W. Va. Code § 62-12-11 (2017) to a probation violation that occurred after this statute became effective does not implicate the ex post facto prohibitions of the United States and West Virginia Constitutions.

Applying this holding to the present case, we find that the application of the 2017 probation statute to Petitioner was triggered by her 2020 probation violation, not by her original 2015 conviction. Had Petitioner not committed a probation violation after the

12

2017 probation statute was enacted, the 2017 statute would not have been applied to her. Therefore, we find that the 2017 probation statute was not applied retroactively to Petitioner's 2015 conviction, rather, it was applied prospectively to her 2020 probation violation. Under these circumstances, we find no ex post facto violation.

Additionally, we reject Petitioner's assertion that the extension of her probation period increased her punishment, lengthened her sentence, and operated to her detriment in violation of this Court's prohibition against ex post facto punishment contained in *Adkins v. Bordenkircher*. This Court has long held that "[p]robation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime." Syl. Pt. 2, *State ex rel. Strickland v. Melton*, 152 W. Va. 500, 165 S.E.2d 90 (1968). This is so because "probation is simply one of the devices of an enlightened system of penology which has for its purpose the reclamation and rehabilitation of the criminal." *Id.* at 506, 165 S.E.2d at 94 (internal quotation omitted). Thus, "the decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion." *State v. Duke*, 200 W. Va. 356, 364, 489 S.E.2d 738, 746 (1997).[5]

---

[5] In *State v. Duke*, this Court provided:

> We have recognized that probation is a privilege of conditional liberty bestowed upon a criminal defendant through the grace of the circuit court. *See, e.g., State ex rel. Winter v. MacQueen*, 161 W.Va. 30, 32-33, 239 S.E.2d 660, 661-62 (1977) ("'[A]

(continued . . .)

Based on the foregoing, it is clear that probation is not a punishment, it is an act of grace. Further, probation is not part of a defendant's sentence. In fact, probation may only be imposed once a defendant's sentence has been suspended. *See* W. Va. Code § 62-12-3 (2014) (granting court discretion to suspend sentence and release offender on probation). Therefore, Petitioner cannot satisfy the first two prongs of *Adkins* because the circuit court's 2020 order extending Petitioner's probation term was neither an increase in her punishment, nor did it lengthen her sentence.[6]

---

> defendant convicted of a crime has no absolute right to probation, probation being a matter of grace only, extended by the State to a defendant convicted of a crime, in certain circumstances and on certain conditions.'" (*quoting State v. Loy*, 146 W.Va. 308, 318, 119 S.E.2d 826, 832 (1961)); Syl. pt. 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972) ("Probation is a matter of grace and not a matter of right."); *State ex rel. Riffle v. Thorn*, 153 W.Va. 76, 81, 168 S.E.2d 810, 813 (1969) ("'Probation or suspension of sentence comes as an act of grace to one convicted of a crime[.]'" (*quoting Escoe v. Zerbst*, 295 U.S. 490, 492, 55 S.Ct. 818, 819, 79 L.Ed. 1566, 1568 (1935)).

*Id.* at 364, 489 S.E.2d at 746.

[6] Petitioner relies on *State v. Varlas*, 243 W. Va. 447, 844 S.E.2d 688 (2020), in support of her argument that probation is a part of a criminal sentence. We find no support for Petitioner's argument because the Court's ruling in *Varlas*—that a grant of probation is part of a defendant's sentence and is therefore part of the penalty prescribed by law— was only "*[f]or the limited purpose of an Eden analysis*." *Id.* at 453, 844 S.E.2d at 695 (emphasis added). An "*Eden* analysis" involves a claim by a petitioner that he received a harsher sentence after successfully pursuing an appeal. *Id.* at 450-51, 844 S.E.2d at 691-92. Thus, the Court's holding in *Varlas* has no application to the present matter because *Varlas* dealt solely with whether an individual who seeks and receives appellate relief may

(continued . . .)

14

Further, we do not agree with Petitioner that the circuit court's reliance on the 2017 probation statute operated to her detriment. Petitioner was before the circuit court in June of 2020 after the State filed its fourth petition to revoke her probation. Petitioner admitted that she had committed the probation violation at issue. Rather than revoking her probation and ordering that Petitioner be incarcerated for the remainder of her suspended sentence, the circuit court allowed her to remain on probation, in an act of grace, by extending her probation period for an additional year pursuant to the 2017 probation statute. Because the circuit court permitted Petitioner to remain on probation pursuant to the 2017 probation statute, rather than ordering that she be incarcerated, we cannot find that the circuit court's reliance on the 2017 probation statute operated to her detriment.

Finally, we emphasize that one of the main purposes of ex post facto prohibition is to ensure that individuals have "fair warning" about the effect of criminal statutes. *Landgraf v. USI Film Products*, 511 U.S. at 267. Applying the 2017 probation statute to a probation violation Petitioner committed in 2020 did not deprive her of "fair warning" about the effect of the new statute. Because the 2017 probation statute was not applied retrospectively to Petitioner, and because the effect of its application did not increase her punishment, lengthen her sentence, or operate to her detriment, we find no ex post violation.

## IV. CONCLUSION

---

be constitutionally subjected to a harsher penalty upon remand. This issue is not present in the instant case. Therefore, we find Petitioner's reliance on *Varlas* to be misplaced.

We affirm the circuit court's July 10, 2020, order.


Affirmed.